THE BEAD CHAIN MANUFACTURING COMPANY, A CORPO-
RATION OF THE STATE OF CONNECTICUT, PLAINTIFF–
APPELLANT, v. NEWELL R. SMITH, DISWAGE PROD-
UCTS CO., INC., A CORPORATION OF NEW JERSEY, ET
ALS., DEFENDANTS–RESPONDENTS.

Argued November 8, 1948—Decided November 22, 1948.

*Mr. Theodore McC. Marsh* argued the cause for plaintiff-appellant (*Messrs. Riker, Emery & Danzig,* attorneys).

*Mr. Martin J. DiMaria* argued the cause for defendants-respondents (*Mr. John J. Fallon,* of counsel).

The opinion of the court was delivered by

VANDERBILT, C. J.   This is an appeal from an order of the former Court of Chancery denying the plaintiff's application for inspection under *R. S.* 2:99–2.

The plaintiff is a manufacturer of certain products in the electrical, radio, and electronics fields known as bead chain, radio pins and terminals.   It seeks to restrain the defendants from manufacturing and selling products, the manufacture of which, it is alleged, embody the use of various secret processes and other trade secrets, acquired, it is said, by the defendant Smith while employed by plaintiff as its development and research engineer and disclosed by him to the defendants DiSwage Products Co. Inc. and Rummler in breach of the trust and confidence reposed in him by the plaintiff.   From the pleadings and affidavits, it appears that the basic process upon which the manufacturing operations of both the plaintiff and the defendants rest are expired patents, the asserted secret processes and trade secrets of the plaintiff consisting of various improvements and refinements of the basic patented process.

After the cause was at issue, the plaintiff applied for an order to inspect the machinery and dies used by the defendant corporation in the manufacture of the various products in respect to which infringement is claimed, together with the formulae, die layouts and charts used therein, and samples of such prod-

ucts made by the said defendant corporation. The application was denied by the learned Vice Chancellor because it seemed to consist of a "fishing expedition" by the plaintiff to determine the processes utilized by the defendant corporation in its manufacturing operations. The court below declined to stay the final hearing pending disposition of this appeal, with the result that the main case has now been partially tried, although the record of the evidence there is not before us.

While each case must be dealt with according to its own peculiar circumstances, we are impressed here by the fact that the defendant Smith after leaving the plaintiff's employment formed the defendant corporation, of which he is still the president, to manufacture the same line of goods as are produced by the plaintiff. Manifestly, the information which the plaintiff seeks to obtain by means of inspection is essential to a determination of the truth of the matters charged in the bill of complaint. It is information which it would be extremely difficult, if not impossible, for the plaintiff to prove without accurate data as to defendants' methods of manufacture. It thus appears that an inspection of the defendant corporation's property would aid in ascertaining the rights of the parties, and the present application therefore clearly falls within the scope of *R. S.* 2:99–2, which gives the trial judge the power to order an inspection at such time and under such regulations as he shall prescribe. Such also is the spirit and contemplation of the provisions of our new rules concerning discovery and inspection of documents and property, *Rules* 3:34–1, 3:26–2.

It is urged by the defendants that the allowance of an order to inspect will result in the disclosure to the plaintiff of the secrets and confidential working practices used in the manufacturing operations of defendant corporation. This argument overlooks the policy of the statute under which this application is made as well as the present express authority contained in the rules empowering the trial court to make such orders as will reasonably and appropriately safeguard the rights of the defendants, *Rule* 3:30–2. The

presentation of the truth to the court is paramount; it must proceed unimpeded and unhampered despite claims of prying, where, as here, there exists the means of affording adequate protection against unwarranted intrusion and invasion of the rights of one party by another party.

It is our conclusion that the order appealed should be reversed and the cause remanded to the Chancery Division with the direction to enter an order of inspection upon such terms as the court below shall deem appropriate to safeguard the rights of the defendants.

*For reversal:* Chief Justice VANDERBILT and Justices CASE, HEHER, WACHENFELD, BURLING, and ACKERSON—6.

*For affirmance:* None.