9 N.J. Super. 484 (1950)
75 A.2d 760
L.N. ROSENBAUM, PLAINTIFF,
v.
CARL F. HOLTHAUSEN, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided August 30, 1950.
Messrs. Milton, McNulty & Augelli, attorneys for the plaintiff (Mr. Charles Milton, appearing).
Messrs. Gross & Blumberg, attorneys for the defendant (Mr. Leo Blumberg, appearing).
STANTON, J.S.C.
Plaintiff has moved for an order for the inspection of the books of account and of the stock books *485 and stock transfer books of the corporate defendant, A. Holthausen; and he predicated the motion "on all the papers and pleadings in the cause and upon the relevant statutes and rules of civil procedure." He submitted no petition or affidavit but in his brief refers to parts of depositions which are not before the court. There is on file an affidavit of Carl F. Holthausen which charges bad faith on the part of plaintiff and this has not been answered.
While the new rules have liberalized pretrial discovery procedure and practice, still Rule 3:34-1 requires that on an application such as this, good cause must be shown. And under Rules 3:30-2 and 3:30-4, the court will protect a party from annoyance, embarrassment or oppression.
Good cause has not been shown for an inspection of the books of account and with respect to them the motion is denied, without prejudice however to a further application, supported by affidavit, setting forth specifically what books are sought to be inspected, what period of time is to be covered, by whom the inspection is to be made if not by plaintiff in person, the purpose of the inspection and such other matter as will enable the court to determine whether the application is made in good faith and for good cause; and if inspection is found to be warranted, to determine what limitations or restrictions, if any, should be imposed. Phillips v. Interstate Hosiery Mills, 111 N.J. Eq. 432 (Ch. 1932).
As regards the stock books and stock transfer books, the situation is different. R.S. 14:5-1 provides that these books shall be open at all times to the examination of every stockholder. Plaintiff is presently entitled to an examination of these. McGahan v. United Engineering Corporation, 118 N.J. Eq. 410 (Ch. 1935).