12 N.J. Super. 359 (1951)
79 A.2d 720
FRANK A. TOTH, PLAINTIFF,
v.
FREDERIC BIGELOW AND NEW JERSEY ZINC COMPANY, A NEW JERSEY CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 5, 1951.
*360 Messrs. Milton, McNulty & Augelli (Mr. William Bannon appearing), attorneys for plaintiff.
Messrs. Stryker, Tams & Horner (Mr. Josiah Stryker appearing), attorneys for defendant New Jersey Zinc Company.
STEIN, J.S.C.
Plaintiff on notice applies to the court for an order to inspect and make copies of some 90-odd "files," maps, abstracts of title and opinions, books and other items in the possession of the defendants.
The suit is one to quiet title. On file is a stipulation between the parties entered into about June 1, 1950, which sets forth the chain of title so that the issue as to title in effect *361 turns on two deeds in the chain of title, one made in 1905 and the other in 1923.
Plaintiff in his affidavit annexed to the notice says that he has a certain map in his possession and a copy of a memorandum to one Walter F. Evans entitled "Mineral Title to 29.75 acres `Forge Lot, Ogdensburg, New Jersey'"; that the map refers to 18 files and 5 maps and the memorandum refers to 12 other files and "maps under 0-70."
Plaintiff is in the employ of the defendant. How he came into possession of the map and memorandum is not disclosed, and according to Mr. Evans, superintendent of the company, the plaintiff was not, in his position as an employee, in a position to obtain such map and memorandum, and that the defendant has been unable to locate in its files a map bearing the title or designation specified in Mr. Toth's affidavit; that a memorandum dated October 8, 1940, with respect to the 29.75-acre Forge Lot, Ogdensburg, New Jersey, was prepared for the company by a former employee of the company but that no one had any authority to remove a copy of this memorandum from the company's files or to make a copy thereof for his own use or to dispose of it to someone else. No other memorandum dated October 8, 1940, dealing with the 29.75-acre Forge Lot has been located. How the map came into plaintiff's possession he does not say.
Plaintiff asserts in his affidavit that he has been advised by counsel that the information which appears on said map and memorandum is relevant and material to the issue in this suit and that he has also been advised that the information which appears on the other maps and memoranda in the possession of the defendant "will amplify, elaborate and fully explain the information contained on the map in my possession and all of said information will be relevant and material to the issues involved in this suit."
The notice reads: "Each of the foregoing documents constitutes or contains evidence relating to the matters and issues involved in this action as is more fully shown in the affidavit of Frank A. Toth annexed hereto * * *."
*362 There is nothing before me to show in what respect the map and "files" are material to the issue. The application is based upon the advice of counsel. Counsel neither by affidavit nor otherwise reveals facts upon which his conclusion is based.
Rule 3:34-1 provides that a party showing good cause therefor may upon notice apply to the court for an order to produce and permit the moving party to inspect and copy or photograph any designated books, papers, documents, or tangible things, not privileged, which constitute or contain evidence relating to matters pertinent to the cause and which are permitted by Rule 3:26-2.
Under the Rule it is incumbent upon the party seeking the order to show good cause, and the books, papers and documents and tangible things must be "designated." I am of opinion that the designation of "files" in the notice now before me is not such designation as is required under the rules. Nor does the notice for inspection of the enumerated files show that such files, books of account, etc., contain evidence relevant to the subject matter involved in the instant case. Relevancy alone is not the only requirement to be shown. There must also be present good cause. Conclusions of the plaintiff or counsel can scarcely be said to be good cause. The plaintiff is not entitled to the inspection which he seeks as a matter of right. The notice does not disclose what is contained in the enumerated files which would be relevant evidence and the relevancy mentioned in the rules concerns itself with the content of the documents, while good cause has to do with the reasons for calling upon the defendant for the production of relevant material. Certain it is that a notice demanding the inspection and production of books, papers and documents must specify with some reasonable degree of certainty the particular documents and papers sought to have produced for inspection and copy, together with some proof of their materiality to the issue.
The motion is denied.