11 N.J. Super. 600 (1951)
78 A.2d 714
IRVING STENZLER AND WALLACE WELTER, PLAINTIFFS,
v.
WIGTON-ABBOTT CORPORATION, A CORPORATION, AND THE VULCAN DETINNING CO., A CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 9, 1951.
*601 Mr. Nathan Baker, attorney for the plaintiff Irving Stenzler.
Mr. Reynier J. Wortendyke, Jr., attorney for the plaintiff Wallace Welter.
Mr. Gerald Foley, attorney for the defendant Wigton-Abbott Corporation.
*602 ZIEGENER, J.C.C. (on assignment as J.S.C.).
The plaintiffs have moved for an order requiring the defendant Wigton-Abbott Corporation to produce for inspection, copying or photographing certain blueprints of a building; sketch of a scaffold; model of said scaffold; photographs of said building, scaffold and model; the contract between the defendants concerning construction work at said building; and plans, sketches and model of said scaffold, pursuant to Rule 3:34-1.
Plaintiffs were employees of Research Construction Company on March 9, 1949, and said company was doing work on a structure being erected at the plant of defendant The Vulcan Detinning Co., and the defendant Wigton-Abbott Corporation built a scaffold upon which plaintiffs were working on that date. The scaffold allegedly collapsed causing plaintiffs to fall 40 feet and suffer injuries. Each brought suit against the defendants and the cases have been consolidated. The defendant Wigton-Abbott Corporation is the only defendant involved for the purposes of this motion.
Plaintiffs now urge that they are entitled to an inspection of the items referred to herein in order to properly prepare for trial, and particularly an inspection of the model of the scaffold. It appears that defendant Wigton-Abbott Corporation made plans indicating the manner in which said scaffold was constructed and also made a model of the scaffold, at its plant. Defendant opposes plaintiffs' motion on the grounds that (1) before Rule 3:34-1 may be invoked there must be a showing of "good cause therefor," and (2) a diagram, sketch or model falls within the "work-product" principle as contemplated by the exclusion provision of Rule 3:26-2, and therefore evidence of injustice or undue hardship is required.
This matter appears to be one of novel impression inasmuch as a review of the cases covering the rules mentioned herein do not refer to "models," such as the one in this case. Rule 3:34-1 reads as follows:
"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 3:30-2, the court may (1) order any party to produce and permit the moving party, or someone acting on his behalf, to inspect and *603 copy or photograph any designated books, papers, documents, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 3:26-2 and which are in his possession, custody, or control; or (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated object or operation thereon within the scope of the examination permitted by Rule 3:26-2. The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."
In Waltzinger's New Jersey Practice, vol. 1, page 685, the author, in commenting upon the above rule, says: "Note that under this rule it is possible to photograph anything which is not privileged and to make a physical examination of land or other property." In addition, the tentative draft comment on this rule states, in part: "This is Federal Civil Rule 34 as amended, except for some slight changes in verbiage which were taken from Federal Criminal Rule 16. The changes do not alter the import of the rule in any respect." Rule 3:26-2, which is mentioned in Rule 3:34-1, reads as follows:
"Unless otherwise ordered by the court as provided by Rule 3:30-2 or 3:30-4, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party; including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. Nor is it ground for objection that the examining party has knowledge of the matters as to which testimony is sought. The deponent shall not be required to produce or submit for inspection any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation and in preparation for trial unless the court otherwise orders on the ground that a denial of production or inspection will result in an injustice or undue hardship; nor shall the deponent be required to produce or submit for inspection any part of a writing which reflects an attorney's mental impressions, conclusions, opinions, or legal theories, or, except as provided in Rule 3:35, the conclusions of an expert."
*604 Again, Waltzinger's New Jersey Practice, vol. 1, page 606, the author comments: "The examination may deal with anything which is relevant, which is not privileged, and which does not involve secret processes. The examination must be conducted so as not to annoy, embarrass or oppress a party or a witness." The tentative draft comment states in part: "Under the proposed rule it is of no avail to raise the familiar cry of `fishing expedition.' The very object of the rule is to enable a party to obtain the details of his adversary's evidence."
First, let us consider whether or not there is good cause for plaintiffs' motion. The scaffold on which plaintiffs were working is no longer in existence, having been destroyed at the time of the accident. It is probable that the defendant spent a great deal of time and effort in erecting the model of the scaffold, and it is possible that this model may become evidentiary at the trial. Should that be the case it would certainly place a hardship upon plaintiffs to then begin their examination of the model to meet the situation, or for their own purposes. Defendant's argument that "while the Rules of Civil Procedure were designed to permit liberal examination and discovery, they were not intended to be made the vehicle through which one litigant could make use of his opponent's preparation of his case," is not entirely so. A litigant can make use of his opponent's case when the subject thereof is relevant, not privileged, or does not involve secret processes.
It would be a step backward in our judicial system not to allow plaintiffs to proceed with the inspection requested in this motion. Chief Justice Vanderbilt, speaking at the induction of the Supreme Court of our State, on September 15, 1948, said: "Litigation is no longer to be thought of as a battle of wits, or a trial as a sporting event conducted for the benefit of the spectators." (Rutgers Law Review, November, 1948, Special Number, page 69.) When the present case comes to trial the plaintiffs' attorneys should not be in the possible position of watching defendant's attorney bring forth the model of the scaffold for evidentiary purposes, and then be expected to proceed from there. That, in itself, is good *605 cause for the granting of plaintiffs' motion. In addition, the fact that an inspection, as requested, will enable plaintiffs in preparing their case, or facilitate the progress of the trial, is sufficient for the granting of the order.
Defendant's contention that the model of said scaffold is a "work-product" and, therefore, not subject to inspection, is without merit. I do not agree with defendant's allegation that "one cannot deny that a diagram, sketch, or model is a reflection or expression of one's thoughts." A model which is constructed from plans is not an invention of the mind, but is an expertly constructed duplicate in miniature. It is not conceived as something new in one's mind, but is made by following plans and specifications adopted from the original, and, in this case, by the party who built the original. The plans showing the original construction of the scaffold were made by the defendant, and the latter then constructed the model from these plans. Certainly plaintiffs cannot know how defendant constructed the original scaffold, because that is within defendant's own knowledge. Where a defendant prepares plans showing how a certain structure was erected, in this case the scaffold referred to, and from those plans it makes a model, the plaintiffs are entitled to know the circumstances thereof. Such an examination may develop information which may not be admissible at the trial, but that is beside the point. The fact that the plaintiffs might be exposed to surprise at the trial, and not be in a position to meet the proposition, is enough to allow them to inspect the items referred to. Plaintiffs are not attempting to pry into any secret processes of defendant; they are attempting to get information which they consider essential by inspecting these items, which are not privileged.
The intendment of the new rules is to see that justice is done to all concerned, and to promote the methods of practice, pleading and trial.
I will grant an order allowing the plaintiffs to inspect the items requested.