14 N.J. Super. 162 (1951)
81 A.2d 500
YETTA EILEN, PLAINTIFF-RESPONDENT,
v.
TAPPIN'S, INC., A CORPORATION, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 16, 1951.
Decided May 24, 1951.
*163 Before Judges EASTWOOD, BIGELOW and FREUND.
Mr. A. Warren Littman argued the cause for the defendants-appellants (Messrs. McCarter, English and Studer, attorneys).
Mr. Andrew B. Crummy argued the cause for the plaintiff-respondent (Messrs. Crummy & Consodine, attorneys).
*164 The opinion of the court was delivered by FREUND, J.S.C.
The plaintiff is a former employee of the corporate defendant, which had agreed to pay her a salary and in addition a sum equal to five per cent. of the company's net profits. The plaintiff's employment terminated on May 12, 1950, and she brought suit for the additional compensation calculated on the net profits. On an application for inspection of the defendant's corporate books and documents, Rule 3:34-1, the order under appeal was entered on notice of motion and oral argument. Its scope is as follows:
"Ordered, that Tappin's, Inc., defendants in this cause, produce and permit plaintiff or her attorneys or agents to inspect and to copy any or all of the following books, papers, documents or excerpts therefrom:
 General Ledgers
 General Journals
 Inventory Records
 Sales Books
 Cash Books
 Records of Account of Yetta Eilen
 Stock Transfer Books
 Book of Minutes
 Financial statements for fiscal or calendar years 1949
 and 1950
 Federal income tax returns for fiscal or calendar years
 1949 and 1950;"
The order under review is interlocutory, not usually appealable; but the appellant urges that it falls within the provision of Rule 4:2-2(a) (4) in that irreparable injury or mischief might result from so broad an inspection as is authorized by the order. On the other hand, the respondent argues that the order falls within none of the classes of interlocutory appeals permitted by the rules; that, accordingly, the appeal is premature and should be dismissed. Semenya v. Metals Disintegrating Co., 5 N.J. Super. 363 (App. Div. 1949); Clock v. Public Service Co-ordinated Transport, 8 N.J. Super. 20 (App. Div. 1950). No motion to dismiss the appeal having been made and it now having been fully argued, we will, without passing on the appealability of the order in question, proceed in the interests of justice to dispose *165 of the matter on the merits. Scott v. Stewart, 2 N.J. 508 (1949). It should not be assumed, however, that similar appeals will be permitted rather than dismissed.
Under Rule 3:34-1, the court may enter an order for inspection "Upon motion of any party showing good cause therefor." The appellant argues that good cause should have been established by a supporting affidavit and that to grant the application merely on notice of motion and oral argument was error.
Rule 3:34-1 was taken from Federal Civil Rule 34, as amended, except for some slight changes in verbiage. In the appendix of forms annexed to the Federal Civil Rules, "Form 24. Motion for Production of Documents, etc., under Rule 34" consists of a form of motion, notice of motion and affidavit in support of the motion. Accordingly, while neither the federal rule nor our own Rule 3:34-1 expressly requires an affidavit, such a requirement would seem to be implied. Certainly, it would be better practice to support the application by an affidavit in order to establish good cause. It would appear that pretrial discovery procedure, even as liberalized under the new rules, should not be extended to a point where an order for discovery and inspection may be had without some proof to substantiate the bare allegations of the complaint and oral argument of counsel on the motion. Rosenbaum v. Holthausen, 9 N.J. Super. 484 (Ch. Div. 1950).
The scope of the inspection might well have been limited by an application under Rule 3:30-2, which was designed "to protect the party or witness from annoyance, embarrassment, or oppression." No such application was made, although the rule gives the court wide discretion to make such protective orders as justice requires. Bead Chain Mfg. Co. v. Smith, 1 N.J. 118 (1948).
Our new rules concerning discovery and inspection are liberal in spirit and should be accorded a broad construction. Further, when entered, orders for discovery and inspection should be given widest effect. Nevertheless, there must be ultimate boundaries, both in construction of the rule and *166 execution of the order. Hickman v. Taylor, 329 U.S. 495, 91 L.Ed. 451 (1947).
The notice of motion on the instant application for inspection merely listed the books and records subsequently specified in the order, and rested upon the conclusion that they constitute or contain evidence relevant to the subject matter of the action. In the affidavit in federal Form 24, the applicant is required to set forth all he knows which shows that each document is relevant to some issue in the action. It may be observed that the requirement is to state what he knows showing the relevancy of the material requested, not merely to state that it is relevant. There should be a showing by facts, as distinguished from mere opinions or conclusions. It is not essential that admissibility as evidence at the trial be established, but only a reasonable calculation that the inspection will lead to the discovery of admissible evidence. Generally speaking, a moving party must show that the documents sought to be inspected are necessary to, and will aid in, the preparation of his case; that they are relevant; and that denial of production would be prejudicial. Moore's Federal Practice (2d ed.), vol. 4, sec. 34.08, page 2450; Toth v. Bigelow, 12 N.J. Super. 359 (Ch. Div. 1951).
The order in this case includes what would appear to be all the corporate books of record since the inception of the defendant's business, so that the inspection would open to the plaintiff the complete records of its entire business career, without limitation as to the period of time to be covered or the materiality of the records to plaintiff's employment with the defendant. In Phillips v. Interstate Hosiery Mills, 111 N.J. Eq. 432 (Ch. 1932), the court dealt at some length with the exercise of the right of inspection and the limitations with which it should be circumscribed. The court held that the application "should, with certainty, state the existence of the documents therein specified; the possession or control of them by the adverse party, his agent or servant; generally the kind or character of the evidence sought to be gathered therefrom and stated to be contained therein; and *167 that said evidence is both relevant and material to the establishment of the petitioner's action or his defense thereto." Rosenbaum v. Holthausen, supra.
It is our conclusion that the order appealed from should be reversed, without costs and without prejudice to a new application for an order of inspection in conformity with the views herein expressed.