SUNBEAM CORPORATION, PLAINTIFF-RESPONDENT, v. WINDSOR-FIFTH AVENUE, INC., A NEW YORK CORPO-RATION, AND WINDSOR-FIFTH AVENUE, INC., A NEW JERSEY CORPORATION, DEFENDANTS-APPELLANTS.

Argued October 26, 1953—Decided December 21, 1953.

*Mr. Edward J. O'Mara* argued the cause for the appellants (*Mr. Gerald T. Foley,* of counsel; *Mr. Murray G. Simon,* attorney).

*Mr. Thomas J. Brogan* argued the cause for the respondent (*Mr. Herman J. Van Mell,* of the Illinois Bar, and *Mr. George M. Chapman,* of the New York Bar, of counsel).

The opinion of the court was delivered by

BURLING, J.   This is an appeal by the defendants, Windsor-Fifth Avenue, Inc., a New York corporation authorized to do business in New Jersey, and Windsor-Fifth Avenue, Inc.. a New Jersey corporation (hereinafter called the defendants), from an interlocutory order of the Superior Court, Chancery Division, entered on June 12, 1953 on motion of the plaintiff, Sunbeam Corporation, an Illinois corporation (hereinafter called Sunbeam).   The appeal, addressed to the Superior Court, Appellate Division, was certified on our own motion prior to hearing there.   The action is a "fair trade" controversy wherein Sunbeam sought an accounting and injunctive relief.   An interlocutory injunction was granted therein against the defendants on May 8, 1953, and was appealed. The pertinent facts concerning the suit are expressed in our opinion filed in the disposition of that appeal.   See *Sunbeam Corp. v. Windsor-Fifth Avenue, Inc.*, 14 *N. J.* 222 (1953).

The motion which resulted in the order of June 12, 1953 here appealed was addressed by Sunbeam (in its notice thereof) to the trial court under *Rules* 3:34–1 and 3:37–1 (properly referred to as *Rules* 3:16–31 and 3:16–37, by amendment effective January 1, 1953; now *R. R.* 4:24–1 and 4:27–1, effective September 9, 1953).   The order required the defendants to produce and to permit Sunbeam or its attorneys or agents to inspect and have copied or photographed all records and documents setting forth defendants' purchases and sales of Sunbeam appliances from July 14, 1952 to and including April 27, 1953, including purchase invoices, sales tickets and such other documentary evidence as may be in possession of the defendants, their servants, agents or attorneys.   The order further required the defendants' president, Mr. Hubert Hubschmann, to answer the following questions:

1. "Q. Where do you get Sunbeam merchandise."
2. "Q. Do you get this merchandise from a Sunbeam distributor?"
3. "Q. I wish to be quite specific; will you state to us from what Sunbeam distributor you obtained the merchandise which you sell at your store?"

4. "Q. Then I repeat the question that you refused to answer, and substitute instead of distributor the word wholesaler. Will you tell us the names of the wholesalers?"

5. "Q. I now ask you from what retailer did you get our merchandise?"

6. "Q. From whom did you buy?"

7. "Q. Returning, Mr. Hubschmann, to the examination, did you state to Mr. Van Nell that the defendants had several hundred thousand dollars worth of Sunbeam appliances on their hands and would run a close out sale for ninety to a hundred and twenty days which would ruin Sunbeam in New Jersey?"

8. "Q. Did you further say that Sunbeam couldn't do anything about such an operation and that this would really fix Sunbeam?"

9. "Q. Did you consult counsel as to what you could do about this in the way of a mail order business, or otherwise?"

10. "Q. Will you give us the records that you have brought of purchases and sales?" (of· Sunbeam appliances)

*Rule* 3:16–31, *supra*, provided authority at the time of the order involved herein, on motion of Sunbeam on showing good cause therefor, on notice, and subject to the provisions of *Rule* 3:16–17 as amended January 1, 1953 (now *R. R.* 4:20–2) for the court to make that order insofar as it related to the production and copying of the papers referred to therein. *Rule* 3:16–37, *supra*, provided authority at the time of the order involved herein for the court to make that order, subject also to the provisions of *Rule* 3:16–17, as amended January 1, 1953, *supra*, insofar as it required answers to questions propounded on oral examination.

■■■ The plaintiff contends that the order appealed, in all particulars, is interlocutory and not appealable. *Rule* 4:2–2(a) as amended January 1, 1953, now *R. R.* 2:2–3(a) provided that appeals might be taken to the Superior Court, Appellate Division, "when necessary to preserve and maintain the *res* or *status quo* pending final judgment and prevent irreparable injury or mischief." Under the circumstances of this case the order relating to discovery was not appealable under *Rule* 4:2–2(a) as amended, *supra*. *City of Newark v. Division of Tax Appeals, Dept. of Treasury*, 7 *N. J.* 8, 12 (1951). It may not be amiss, however, to observe that this is a "fair trade" case and is one of general public importance insofar as effectuation of relief in that

field is accomplished by resort to the *Rules* for pretrial discovery. Since it is here on our own motion, we have concluded to dispose of it upon the merits without regard to the fact that the appeal was not properly taken. *Cf. Newark v. Division of Tax Appeals, ubi supra.* Compare *Eilen v. Tappin's, Inc.,* 14 *N. J. Super.* 162, 165 (*App. Div.* 1951).

▇ The express authority as well as the policy of the rules, including specifically *Rule* 3:16–17 as amended (now *R. R.* 4:20–2), *supra,* permits ascertainment by this method of the rights of the parties to the suit, unimpeded and unhampered despite accusations of prying where, as here, there exists the means of affording adequate protection against unwarranted intrusion and invasion of the rights of the defendants by the plaintiff. *Bead Chain Manufacturing Co. v. Smith,* 1 *N. J.* 118, 120–121 (1948). *Cf. Eilen v. Tappin's, Inc., supra; Phillips v. Interstate Hosiery Mills, Inc.,* 111 *N. J. Eq.* 432 (*Ch.* 1932).

▇ Mere inconvenience is not the test as to disclosure of factors which are relevant and necessary to the presentation of a case. *Cf. Caldwell-Clements, Inc. v. McGraw Hill Publishing Co., Inc., D. C.,* 12 *F. R. D.* 531 (*D. C. S. D. N. Y.* 1952). Comparable conclusions have been reached in antitrust actions such as *Jack Loeks Enterprises, Inc., v. W. S. Butterfield Theatres, Inc., D. C.,* 13 *F. R. D.* 5 (*D. C. E. D. Mich.* 1952), and *Burroughs v. Warner Bros. Pictures, Inc.,* 12 *F. R. D.* 491 (*D. C. Mass.* 1952). *Cf.* 4 *Moore's Federal Practice* (2d ed. 1950), pp. 2449 *et seq. Paramount Film Distributing Corp. v. Ram,* 91 *F. Supp.* 778 (*D. C. E. D. S. C.* 1950), and authorities therein cited hold that it is no objection that the granting of the motion requires disclosure of the objecting party's dealings with other distributors. Compare *Caplin v. United Feature Syndicate, Inc.,* 8 *F. R. D.* 424, 11 *Fed. Rules Serv.* 34.13, *Case* 1 (*D. C. S. D. N. Y.* 1948). See also *Hickman v. Taylor,* 329 *U. S.* 495, 509, 67 *S. Ct.* 385, 91 *L. Ed.* 451, 461 (1947).

We see no analogy between the facts of this case, where disclosures might render others liable to civil action by Sunbeam for violation of its "fair trade" agreements, and

circumstances where a party might be asked to disclose matters incidentally affecting independent rights of others, such as obtained in *United Parcel Service of New York, Inc., v. Federated Department Stores, Inc.*, 14 *F. R. D.* 451, 19 *Fed. Rules Serv.* 34.62, *Case* 1 (*D. C. Del.* 1953). Even in the *United Parcel Service* case, *supra*, the federal court allowed discovery, although it required the investigation to be made by an impartial and independent public accountant for protective purposes.

For the reasons expressed herein the order appealed from is affirmed. If the defendants in good faith believe that information in their records and subject to compliance with the order should be protected from undue disclosure, their remedy is by way of application to the trial court for reasonable protective measures under *R. R.* 4:20–2, *supra. Cf. Bead Chain Manufacturing Co. v. Smith, supra.*

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.