81 N.J. Super. 329 (1963)
195 A.2d 503
THE LAKEWOOD TRUST COMPANY OF LAKEWOOD, N.J., A BANKING CORPORATION OF NEW JERSEY, PLAINTIFF,
v.
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, A CORPORATION OF MARYLAND, AND E. MICHAEL DONNELLY, DEFENDANTS. E. MICHAEL DONNELLY, PLAINTIFF,
v.
THE LAKEWOOD TRUST COMPANY OF LAKEWOOD, N.J., WILBER S. SIGLER AND MORTON C. STEINBERG, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 15, 1963.
*331 Mr. Charles J. Tyne for E. Michael Donnelly.
Mr. Fred G. Stickel, Jr. for Fidelity and Deposit Company of Maryland (Messrs. Stickel & Stickel, attorneys).
Mr. Harry Green for The Lakewood Trust Company of Lakewood, N.J.
*332 Mr. Alan B. Handler, Deputy Attorney General, for the Department of Banking and Insurance (Mr. Arthur J. Sills, Attorney General, attorney).
GIULIANO, J.S.C.
This is a motion by E. Michael Donnelly (Donnelly) and Fidelity and Deposit Company of Maryland (Fidelity) for an order directing the Lakewood Trust Company of Lakewood, N.J. (Lakewood) and the Commissioner of Banking and Insurance of the State of New Jersey (Commissioner) to permit the examination and inspection of certain reports made by or under the direction of the Bureau of Banking of the New Jersey Department of Banking and Insurance (Department), and special reports, if any, made by Lakewood at the request of the Department, and reports made and filed by Lakewood during the years 1955 to 1960, both inclusive. The movants also seek an order requiring the production of such records at trial. The specific reports which the movants demand, together with certain other written matter, have been more particularly set forth in a letter dated May 13, 1963 addressed to the court. Such letter is considered amendatory of and included within the motion before the court. The reports and other written matter are specified as follows:
1. Reports of all examinations of Lakewood by or under the supervision of the Commissioner for each of the years 1955 to 1959, both inclusive;
2. Reports of examination made by or under the supervision of the Commissioner of Lakewood as of the close of business on August 15, 1960;
3. Letters of transmittal accompanying or pertaining to the aforesaid reports from the Department to Lakewood for each of the aforesaid years;
4. Reply or replies of Lakewood to the aforesaid letters of transmittal from the Department to Lakewood;
5. Examination reports and such forms as are required by the Commissioner, and letters or copies thereof accompanying said reports to the Commissioner, which reports are required *333 under the provisions of N.J.S.A. 17:9A-254 and which include the certification of the person under whose supervision the examination was made and list of all loans which in the judgment of the board of directors are (1) worthless, (2) doubtful, or (3) insufficiently secured;
6. All writings transmitted by the Department to Lakewood pertaining to the reports and letters referred to in No. 5 above;
7. Copies of all examination reports and other reports filed by Lakewood with the Department and signed by the required number of directors of Lakewood in accordance with the provisions of N.J.S.A. 17:9A-256;
8. All special reports filed by Lakewood with the Department, in accordance with N.J.S.A. 17:9A-256 for the years of 1955 to 1960, both inclusive;
9. Report of examination or examinations made by Peat, Marwick, Mitchell & Co. in 1960 of Lakewood and filed with the Department together with letter or letters of transmittal.
Donnelly and Fidelity moved on the same date in a separate motion for an order permitting the inspection of certain reports made by the Federal Deposit Insurance Corporation on December 2, 1960, and for the inspection of reports of examinations made by or under the supervision of the Federal Deposit Insurance Corporation during the years of 1955 to 1960, both inclusive. Subsequent to the filing of this motion a representative of the Federal Deposit Insurance Corporation took the reports in question from the possession of Lakewood. The movants at the hearing conceded that since the reports made by the Federal Deposit Insurance Corporation are in the hands of the federal agency, they are not within the jurisdiction of this court and, accordingly, their motion was withdrawn as to the Federal Deposit Insurance Corporation reports.
Discussion of the merits of the motion before the court must be predicated upon a description of the underlying action. Suit was originally brought by Lakewood against both Donnelly and Fidelity. The amended complaint against *334 Donnelly alleges that Lakewood suffered money losses as a result of the dishonest, fraudulent or criminal, or other acts of Donnelly in his handling of installment loans while in the employ of Lakewood. The amended complaint against Fidelity is based on a blanket bond issued by Fidelity to Lakewood covering the employees of Lakewood, alleging that the actions of Donnelly caused losses covered by such bond. Donnelly then instituted a separate action against Lakewood, and certain of its officers and directors alleging that they had falsely and maliciously published defamatory matter concerning Donnelly. Lakewood then counterclaimed for losses it allegedly incurred as a result of the fraudulent and dishonest acts of Donnelly. The allegations set forth in the counterclaim of Lakewood are similar to those set forth in the amended complaint. The two actions were then consolidated and the motion here under consideration was thereafter filed.
Concisely stated, the movants assert in support of their motion that Lakewood makes specific reference to certain reports made by or under the supervision of the Department, that these reports are neither set out in the complaint nor annexed thereto, and accordingly, under R.R. 4:24-2, such reports must be produced for the inspection of the movants; and that the reports constitute or contain evidence, or contain matter, which would lead to the discovery of evidence relative to the complaint against the movants and are discoverable under R.R. 4:24-1, and that the reports are relevant to the subject matter of the pending action and consequently may be inspected under the provisions of N.J.S.A. 17:9A-264.
In opposition to the motion, Lakewood asserts that the reports demanded are confidential under N.J.S.A. 17:9A-264, which reads as follows:
"Every report and copy of a report of examination of a bank made by or under the supervision of the commissioner, and every report and copy thereof made by a bank pursuant to subsection C of section 256 shall be confidential, and shall not be made public by any officer, director or employee of a bank, and shall not be subject to subpoena or to admission into evidence in any action or proceeding in any court, *335 except pursuant to an order of the court made upon notice to the commissioner and after affording the commissioner an opportunity to advise the court of reasons for excluding from evidence such report or any portion thereof. The court shall order the issuance of a subpoena for the production or admission into evidence of any such report or portion thereof, only if it is satisfied that (1) it is material and relevant to the issues in the proceedings, and (2) the ends of justice and public advantage will be subserved thereby. * * *"
Lakewood contends that the reports are neither material nor relevant to the underlying action and, consequently, under the terms of N.J.S.A. 17:9A-264, may not be opened for inspection by the movants. In addition, Lakewood relies upon the argument of the Attorney General.
The reports asserted to be of a confidential nature by the Attorney General are the "Income Audit" made by the Department and dated September 19, 1960, the report of examination as of the close of business on August 15, 1960, and the "Accountant's Report" made by Peat, Marwick, Mitchell & Co. at the request of the Department, dated June 30, 1960. The Attorney General contends in behalf of the Commissioner that since the reports in question were made by the Department or under the direction of the Department, they are confidential under the provisions of N.J.S.A. 17:9A-264, and that the reports may only be opened for inspection if they are found to be material and relevant to the subject matter of the underlying action and if it is found that the interests of justice will be subserved by the production of the reports in question.
In contesting the materiality and relevancy of the reports the Attorney General argues that, even if it be assumed that the reports contain information which would be evidential or suggestive of acts of dishonesty on the part of Donnelly, the reports or portions thereof would not be admissible in evidence since the contents of the reports are patently incompetent and hearsay. It is claimed that these reports and others like them are rendered on the assumption that they will be considered confidential, and it is only upon the basis of preserving the confidentiality of these reports that the Department can elicit *336 the type of sensitive information and data which it needs to protect the community relying on the services of financial institutions. Full, candid and complete disclosure of the internal affairs of financial institutions is of the utmost importance in enabling the Department to discharge its supervisory duties. It is contended that opening these records for inspection would adversely affect the information sources available to the Department, and consequently, that disclosure of these reports would not be in the best public advantage. Moreover, the Attorney General asserts that these reports contain information concerning various aspects of the internal controls and procedures of Lakewood, and that such information in some instances might appear to be of a critical nature. Therefore, he contends that it would be a grave disservice to Lakewood as well as to its customers if such information became a matter of public knowledge and was misconstrued as a criticism of Lakewood.
This motion presents two substantial questions. The first is whether the reports and letters of transmittal indicated may be discovered under the Supreme Court Rules. The second is the novel question of whether the reports asserted to be confidential may be inspected under the provisions of N.J.S.A. 17:9A-264. The movants assert R.R. 4:24-2 and R.R. 4:24-1 as the rules giving them the right to inspect the specified reports and letters of transmittal. R.R. 4:24-2 provides for the production of documents referred to in the pleadings, and R.R. 4:24-1 provides generally for the production of writings relevant to the subject matter of pending litigation.
R.R. 4:24-2 provides:
"When any document or paper is referred to in a pleading but is neither annexed thereto nor recited verbatim therein, a copy shall be served on the adverse party within 5 days after service of a written demand for the same."
The applicability of R.R. 4:24-2 in this matter is clear. In the amended complaint by Lakewood, specific reference *337 is made to some of the reports demanded by the movants as follows:
"FIRST COUNT 15.(tt) that examinations were made by the examiners of the Bureau of Banking of the New Jersey Department of Banking and Insurance, * * * and the independent accounting firm of Peat, Marwick, Mitchell & Co., * * * and plaintiff then ascertained the losses sustained by it through the dishonest and fraudulent acts of defendant  Donnelly;
FIRST COUNT 15.(vv) that as the result of said investigations and reports and the suits instituted, judgments obtained and discovery proceedings taken thereon of said `applicants' or `borrowers' of said personal installment loans, plaintiff discovered several forgeries, the fictitious names and addresses and the other information about said loans;
FIRST COUNT 17. That such losses of the plaintiff as existed, * * *, were first discovered on or about April 12, 1960 * * *; and thereafter plaintiff notified the Bureau of Banking and Insurance which made an investigation and submitted a report to it, as of the close of business August 15, 1960, dated October 28, 1960; * * *
FIRST COUNT 22. * * * plaintiff notified the Bureau of Banking of the New Jersey Department of Banking and Insurance which made an investigation and submitted a report to it, as of the close of business August 15, 1960, dated October 28, 1960; * * *; and plaintiff, upon request and demand of said New Jersey Department, employed an independent firm of accountants to examine its records and said loans * * *."
It should be noted at this point that there is no requirement in the rule that the writing sought to be inspected be the foundation of the action. Schnitzer & Wildstein, N.J. Rules Service, A IV-707. The above quoted references to the reports are sufficient under R.R. 4:24-2 to cause them to be subject to inspection by the movants.
The movants assert their right to inspect the reports and letters not referred to in the complaint under R.R. 4:24-1 which provides in part as follows:
"Upon motion of any party showing good cause therefor and upon notice to all other parties, * * * the court may (a) order any party to produce and permit the moving party, or someone acting on his behalf, to inspect and copy or photograph any designated books, papers, documents, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 4:16-2 and which are in his possession, custody, or control; * * *"
*338 In considering the application of this rule it is important to consider the background and policy of the rule. Under the former practice the courts readily conceded that discovery of documents was important and desirable. Nevertheless, in practice the exercise of discovery machinery was narrowly circumscribed on the grounds that there otherwise might be an unwarranted invasion of the rights of others. Schnitzer & Wildstein, op. cit., A IV-686.
With the adoption of the new rules, the former procedure was retained. However, the old approach to discovery was modified. The intention and rationale is to permit more liberal discovery by way of access to all relevant material contained in books, papers and documents to simplify the issues, obviate lengthy and haphazard examination and cross-examination, and shorten trials and thus achieve substantial justice. Bead Chain Mfg. Co. v. Smith, 1 N.J. 118 (1948); Lang v. Morgan's Home Equipment Corp., 6 N.J. 333 (1951); Sunbeam Corp. v. Windsor-Fifth Avenue, 14 N.J. 235 (1953); Schnitzer & Wildstein, op. cit., A IV-688.
The policy of and the purpose behind the new rules was made abundantly clear at the induction of the Supreme Court in 1948 by Chief Justice Vanderbilt when he stated:
"Much has been said in recent months of certain fundamental ideas which underlie and dominate the new rules of practice and procedure. Litigation is no longer to be thought of as a battle of wits, or a trial as a sporting event conducted for the benefit of the spectators. The rules of pleading and the various pretrial procedures are directed to facilitating the establishment of truth, which is the ultimate aim in the administration of justice * * *." Rutgers L. Rev., Special Number, Nov. 1948, p. 69.
Such a policy was implemented by giving the court a broader discretion in granting discovery which was to be based on a showing of good cause. The onus was placed on the moving party to show affirmatively that good cause existed for the discovery of the matter in question, Rosenbaum v. Holthausen, 9 N.J. Super. 484 (Ch. Div. 1950); Toth v. Bigelow, 12 N.J. Super. 359 (Ch. Div. 1951); either by affidavit, *339 R.R. 4:6-3, or by oral testimony, R.R. 4:44-4, or by other proofs such as depositions or answers to interrogatories. What will constitute good cause is a flexible matter and must be determined by the court in each case on its own merits. Tholander v. Tholander, 34 N.J. Super. 150 (Ch. Div. 1955). The court in deciding such matters should promote the liberal purpose and spirit of discovery under the new rules. Bead Chain Mfg. Co. v. Smith, supra; Sunbeam Corp. v. Windsor-Fifth Avenue, supra.
Generally, inspection orders should issue upon a showing that the desired inspection of the document or other property is relevant to the subject matter of the pending action and will aid the moving party in the preparation of his case, or otherwise facilitate proof or progress at the trial, or that a denial would prejudice the moving party. Stenzler v. Wigton-Abbott Corp., 11 N.J. Super. 600 (Law Div. 1951). In addition to a showing of good cause, the moving party must specify the papers or documents or make some reasonable specification of the matter he seeks to inspect so that roving expeditions may be prevented. Toth v. Bigelow, supra; Sunbeam Corp. v. Windsor-Fifth Avenue, supra. Finally, the movant must show that the papers demanded are in the custody or control of the persons upon whom the demand is made. [ILLEGIBLE WORD] v. Kennedy, 15 N.J. Super. 118 (Law Div. 1951); Hollander v. Smith & Smith, 10 N.J. Super. 82 (App. Div. 1950).
The moving parties of this motion have established these factors to the satisfaction of the court. They have specified with as much detail as possible the identity of the reports and letters of transmittal which they seek to inspect. The reports in question have been shown to be in the custody or control of either the Commissioner and/or Lakewood. In dealing with the requirement of good cause the court must also consider the provisions of R.R. 4:16-2, which is adopted in R.R. 4:24-1 by reference.
R.R. 4:16-2, as is here germane, provides that any matter which is relevant to the subject matter of the pending action *340 and not privileged, whether it relates to a claim or defense of the examining party, or a claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of relevant facts, may be discovered. The rule further provides:
"* * * It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. Nor is it ground for objection that the examining party has knowledge of the matters as to which testimony is sought * * *."
In the matter before the court, the reports and letters of transmittal are clearly relevant to the subject matter of the pending action. Lakewood must establish dishonest actions on the part of Donnelly in order to prevail. Hence, facts and circumstances surrounding the making of such loans would be relevant, as would facts and circumstances concerning the policy of the bank with respect to installment loans during the employment of Donnelly, and facts and circumstances bearing on the knowledge of the board of directors and other officers of the bank as to the loans asserted to have been fraudulently made and as to the acts of Donnelly. The reports and letters of transmittal may contain such information, or may indicate persons who do have such knowledge, or may lead to the discovery of other evidence which would be material and relevant to the subject matter of the underlying action.
The next question under R.R. 4:24-1 presented by the incorporation of R.R. 4:16-2 involves the application of R.R. 4:24-1 to privileged matter. In the instant matter three of the reports have been urged by the Attorney General to be confidential under N.J.S.A. 17:9A-264. It is clear that the three reports are confidential under the statute. They were unquestionably prepared either by the Department or under the direction of the Commissioner. The reports being *341 confidential, they may not therefore be discovered under R.R. 4:24-1. If the reports are to be opened for inspection, they must be made available within the permissible limits of N.J.S.A. 17:9A-264.
The application of N.J.S.A. 17:9A-264 presents a novel question in this State. No provision is made in the statute for breaching this confidentiality. However, the reports, even though confidential, may be inspected if the party seeking to inspect satisfies the court that the reports are material and relevant to the action and the ends of justice and public advantage are served by the inspection. The statute thus follows substantial precedent from other jurisdictions having similar statutes which have required the production of banking department reports when necessary to serve the ends of justice. In re Culhane's Estate, 269 Mich. 68, 256 N.W. 807 (Sup. Ct. 1934); Maryland Casualty Co. v. Clintwood Bank, Inc., 155 Va. 181, 154 S.E. 492 (Sup. Ct. App. 1930); Werner v. Crippen, 245 App. Div. 363, 282 N.Y.S. 722 (Sup. Ct. 1935); Ex parte French, 315 Mo. 75, 285 S.W. 513, 47 A.L.R. 688 (Sup. Ct. 1926).
The purpose behind N.J.S.A. 17:9A-264 and statutes in other jurisdictions like it is to promote the efficient administration of the banking laws by encouraging complete and accurate investigations. This policy has been readily acknowledged in other jurisdictions. However, it was made subject to the rights of litigants in full and complete disclosure of pertinent facts in litigation. In re Culhane's Estate, supra; Maryland Casualty Co. v. Clintwood Bank, Inc., supra; Werner v. Crippen, supra; Ex parte French, supra.
In instances where the Federal Government or its agencies have brought actions based on reports declared confidential, the privilege of non-production has been declared to have been waived. Zimmerman v. Poindexter, 74 F. Supp. 933 (D. Hawaii 1947); United States v. Grayson, 166 F.2d 863 (2 Cir. 1948); Bowles v. Ackerman, 4 F.R.D. 260 (S.D.N.Y. 1945); Walling v. Richmond Screw Anchor Co., 4 F.R.D. 265 (E.D.N.Y. 1943); United States v. General *342 Motors, 2 F.R.D. 528 (D.C. Ill. 1942); Fleming v. Bernardi, 1 F.R.D. 624 (N.D. Ohio 1941). The fact that the documents or reports were in the hands of an agency other than the one bringing the action has not changed the result. Bank Line v. United States, 76 F. Supp. 801 (S.D.N.Y. 1948). The judicial temperament is clear when there is a need for disclosure of matter which is claimed to be of a confidential nature. The policy in favor of confidentiality must yield to the greater interest in assuring substantial justice for litigants.
The New Jersey Legislature in chapter 73 of the Laws of 1963 made a clear declaration as to the right to inspect public records.
The statute provides that all records required by law to be made by any agency, department or commission are public records. Paragraph 1 declares:
"The Legislature finds and declares it to be the public policy of this State that public records shall be readily accessible for examination by the citizens of this State, with certain exceptions, for the protection of the public interest."
The Attorney General's argument must be considered in the light of these authorities, decisions by the courts of this State under the discovery rules, and the recent pronouncement by the New Jersey Legislature.
The Attorney General argues that in the event the court opens the reports for inspection by the movants, the efficiency of the Department would be impaired. A potential decrease, if any, in efficiency of the Department has not been in other jurisdictions a basis for withholding material matter from litigation and should not be in this State. The public interest is best served by promoting fair and open trials free of surprise so as not to simulate a sporting event. Full disclosure of relevant matter is essential to accomplish this purpose. Further, where as here the reports sought to be withheld from litigants form a part of the complaint upon which the action is based, it is the opinion of this court that the *343 interests of substantial justice require that the contents of those reports be made known to the party against whom they are being used. The fact that the reports may not be admissible in evidence at trial does not alter this conclusion.
The Attorney General makes the further argument that if the reports are made public there could be a misunderstanding of their contents. This argument is of no significance in light of the application which is made to this court. The motion here is for an inspection, and this would not lead to the kind of public disclosure about which the Attorney General is concerned.
Having found that the interests of substantial justice would be served by the production of the reports in question, the court is next faced with the question of whether the reports are material and relevant to the subject matter of the pending litigation. This question has already been dealt with under the discussion of the application of R.R. 4:24-1. It was made clear at that point that in the opinion of the court, the reports are material and relevant to the issues of the underlying action. That finding is not modified with respect to the application of N.J.S.A. 17:9A-264. The court finds the argument that the reports would not be admissible in evidence at the trial to be without merit under N.J.S.A. 17:9A-264. The court recognizes the apparent conflict between R.R. 4:24-2 and N.J.S.A. 17:9A-264. However, this court's determination is not modified by such conflict in the light of the allegations of Lakewood in the amended complaint.
This court concludes therefore that the three reports  "Income Audit" of September 19, 1960, examination as of the close of business on August 15, 1960, and the "Accountant's Report" made by Peat, Marwick, Mitchell & Co.  may be inspected by the movants under N.J.S.A. 17:9A-264, and that the other reports and letters specifically referred to above in this motion and letter dated May 13, 1963 may be inspected under R.R. 4:24-1 and R.R. 4:24-2, and directs that the inspection be made at the mutual convenience of the *344 parties and within a reasonable time from the date of this opinion.
The court makes no finding as to the admissibility of the reports and letters into evidence. Prior to the trial the movants may proceed pursuant to R.R. 4:46-2 for production of documentary evidence.
An appropriate order may be submitted in accordance with the text of this opinion.