228 So.2d 105 (1969)
Frances Ruth ELKINS, Appellant,
v.
Nathaniel B. ELKINS, Appellee.
Nos. 69-390, 69-494.
District Court of Appeal of Florida. Third District.
November 18, 1969.
*106 Irwin J. Block and Barry N. Semet, Miami, for appellant.
Cushman & Cushman, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and SWANN, JJ.
PER CURIAM.
The wife filed her suit for divorce. In case no. 69-390, she has appealed from those portions of the final judgment of divorce awarding her alimony and refusing to tax as costs the total bill submitted by a detective agency for work performed in connection with the case. She has also appealed from the chancellor's order of February 26, 1969, which sustained objections by the appellee husband to certain interrogatories. The appellee has filed cross-assignment of error, appealing other portions of the final judgment of divorce. In case no. 69-494, the appellant has appealed from a post judgment order of the chancellor. Both appeals have been consolidated.
We shall now treat the points raised in case no. 69-390. First it is appellant's contention that the chancellor abused his judicial discretion by awarding alimony in the amount of $500.00 per month; under this point she contends that the financial interests of both parties conclusively demonstrate *107 that the above award was inadequate. We are compelled to agree.
There was uncontradicted testimony tending to show that the amount of money expended monthly to sustain the standard of living to which the parties were accustomed was $2,000.00. There was conflicting evidence as to the annual income earned by the husband. The appellant submitted schedules which showed that the husband's annual income available for personal use, after taxes, was approximately $42,500.00 in 1965; $95,500.00 in 1966; and $52,300.00 in 1967. The husband offered into evidence a different series of tax schedules, prepared by counsel, in order to demonstrate not only annual income but also his net worth. These schedules purported to show that the husband's earnings were approximately $19,300.00 in 1965; $32,750.00 in 1966; and $25,300.00 in 1967. However, the method of computation used to reach these figures appears less than convincing as to the accuracy of these financial assertions. The basic conflict arose as to the husband's net worth. In this regard, the appellant offered a statement into evidence which had been submitted by her husband to a bank in August, 1968, for purposes of negotiating a loan. That statement, signed by the husband in these words: "I hereby certify the foregoing statement to be true.", shows a net worth of approximately $582,700.00. However, during the course of this divorce action, in order to offset the thrust of the above statement, the husband offered into evidence the above cited tax schedules, along with a list of his other assets and liabilities, contending that his net worth was $230,913.00. The facts before us underlying our decision would reasonably support an alimony award considerably greater than the $500.00 per month which was granted. Naster v. Naster, Fla. 1964, 163 So.2d 264; Howard v. Howard, Fla. App. 1960, 118 So.2d 90; Klein v. Klein, Fla.App. 1960, 122 So.2d 205.
In conjunction with the latter issue, i.e., the apparent discrepancy in the husband's net worth, we find it appropriate to discuss the wife's next point on appeal, namely: Whether the court erred in refusing to order the husband to answer propounded interrogatories which were intended to discover the assets, liabilities, operation and financial affairs of a corporation of which he is the sole stockholder. The object which the wife sought by such discovery was to establish her husband's true net worth, especially in view of the conflict which was framed by the apparent difference of $250,000.00 in the husband's assertions, supra. It was shown that the husband was the sole stockholder of Republican Mortgage Corporation and that such ownership represented the great bulk of his net estate. In the case of Parker v. Parker, Fla.App. 1966, 182 So.2d 498, the appellate court therein treated the question now before us in these words:
"A dependent wife and child in a divorce suit necessarily make the husband's income and assets material and relevant to the suit's subject matter, and, in the instant case  relevant to the pending issues, as the breadwinner's financial abilities are prime ingredients in the equation used to determine the amount and kind of financial relief to be afforded. The question though in this appeal is whether or not the dependents are entitled to the detailed facts as concerns the husband's financial position in the face of the husband's naked assertion as above set forth. We must say, based upon our understanding of the Rules and the philosophy behind them, that we do not look with favor upon the husband's position in not wishing to reveal any of the details of his financial position and his effort to bridle the dependents' discovery rights by substituting his secondary non-verifiable conclusion in lieu of primary detailed facts. The adversary and the court are entitled to the whole factual picture to the end that an independent complete understanding and evaluation may be had." Id. at 500.
The main holding contained in the above excerpt was quoted with approval by the *108 Supreme Court in Orlowitz v. Orlowitz, Fla. 1967, 199 So.2d 97, 98. Moreover, the record shows a striking similarity between the husband's ground for refusal to answer the propounded interrogatories both in the Orlowitz case, supra, and the case sub judice. The ground being in each case, that the husband stated that he enjoyed the financial ability to pay any reasonable alimony, attorney fees, and costs. Although the two cases are distinguishable on their peculiar facts, we deem the philosophy of the law contained in the Orlowitz case controlling here, mainly:
"There are no doubt many instances in which a court should exercise its power to protect a party against an unwarranted disclosure of the details of his financial holdings. In the instant case none are made to appear. Therefore, under the facts of this case we are forced to conclude that the chancellor abused his discretion in entering the order of protection." Ibid.
Therefore, in view of our initial finding that the alimony award was unreasonably low, our further finding that the wife was improperly restrained from discovering the true net worth of her husband, and finally, the intimate connection between alimony and the husband's ability to pay, we hereby instruct the chancellor to allow the necessary discovery and take whatever further proceedings are needed to accurately determine the husband's assets so that the alimony may be reset commensurate therewith.
As her third point on appeal, the wife contends that the court improperly refused to tax as costs certain fees incurred because of her employment of a private detective. We note that in his order, the chancellor allowed $1,364.00 of the total $3,364.00 bill submitted by the detective agency. The court disallowed $2,000.00 of the above fee after examination of the detective, during which the chancellor concluded that the $2,000.00 addition was unreasonable in view of the services purportedly performed for that fee. We find no abuse of discretion and affirm that portion of the final judgment of divorce.
The husband has filed certain cross-assignments of error, and we now move on to his contentions. The first cross-assignment takes issue with the chancellor's order of attorney fees in the amount of $12,500.00. However, the cross-appellant has not demonstrated the necessary abuse of judicial discretion and we affirm that amount.
The next cross-assignment of error deals with the following portion of the court's final judgment of divorce:
"That the Defendant, NATHANIEL B. ELKINS, shall cause to be transferred to the plaintiff, FRANCES RUTH ELKINS, that certain 1967 Cadillac automobile which was titled in the name of Republic Mortgage Company, and which has been used and is in the possession of the Plaintiff, FRANCES RUTH ELKINS.
"That the Plaintiff, FRANCES RUTH ELKINS, shall cause to be transferred to the Defendant, NATHANIEL B. ELKINS, title to the Oldsmobile automobile which is presently titled in Plaintiff's name."
It is the husband's position that since ownership of the Cadillac automobile was in his wholly owned corporation, and further, that since the corporation had not been made a party to the divorce suit, then the court erred by awarding to the wife property which legally belonged to the corporation. However, the record on appeal demonstrates that the wife contended to the chancellor that the Cadillac at issue was purchased for her exclusive use and in order to replace another Cadillac which had been titled in her name. We affirm this ruling by the chancellor, on the grounds that it represents his resolution of conflicting evidence. Cf. Turk v. Turk, Fla.App. 1960, 118 So.2d 67.
*109 In case no. 69-494, the following facts gave rise to a post-decretal order entered by the chancellor, infra. After the entry of the final judgment of divorce, and while the parties still occupied the same domicile, the wife caused a truck to be brought to the residence and attempted to transport certain pieces of furniture from the house. Upon learning of this, the husband procured the order at issue in this appeal, wherein the chancellor ruled as follows:
"That the plaintiff, FRANCES RUTH ELKINS, is permitted to remove from the home located at 550 N.E. 101 Street, Miami Shores, Florida, her personal clothing, her books, the children's books, the children's personal clothing, her jewelry, the children's jewelry, and one-half of the phonograph records.
"That the plaintiff, FRANCES RUTH ELKINS, is prohibited from removing any other items except as herein set forth and in the event of a dispute between the plaintiff and defendant as to any other items, such other items will not be removed pending an agreement by counsel for both sides and, if counsel are unable to agree, then such items will not be removed pending further order of this Court."
The wife now contends that entry of such post-judgment order was improper, as the chancellor was no longer vested with jurisdiction over the case by virtue of the fact that the notice of appeal had been filed in case no. 69-390. This position is without merit. No supersedeas bond had been posted by the wife, and, under such circumstances, the chancellor retained the power, authority and jurisdiction to make the order being appealed in this case. See Justice v. Van Eepoel, Fla. 1950, 113 So.2d 545; Jenkins Trucking v. Emmons, Fla. App. 1968, 207 So.2d 280.
In accordance with the above cited authorities and principles of law the order of February 26, 1969 and that portion of the final judgment of divorce awarding alimony are hereby reversed and remanded with instructions to the chancellor to conduct further proceedings in accordance with this opinion.
The remaining appealed portions of the final judgment of divorce, and the post-judgment order are hereby affirmed.
Affirmed in part; reversed and remanded in part.