148 N.J. Super. 194 (1977)
372 A.2d 374
JOAN GERSON, PLAINTIFF,
v.
SAUL GERSON, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided February 16, 1977.
*196 Mr. Sheldon M. Liebowitz for plaintiff (Messrs. Liebowitz, Krafte & Liebowitz, attorneys).
Mr. Elmer J. Skiba for defendant (Messrs. Skiba & Atkins, attorneys).
SORKOW, J.J.D.R.C., Temporarily Assigned.
This matter comes before the court on plaintiff's motion for an order to permit her accountant to inspect the financial books and records of the corporation in which defendant is a 50% stockholder and is actively engaged as director.
The corporation, Gerson-Ogden, Inc. is a corporation of the State of New York and is authorized to do business in *197 the State of New Jersey. The issued and outstanding stock is equally owned by defendant and his brother. The brother has, through defendant's counsel and by letter from his tax attorney, indicated his objection to plaintiff's examination, and defendant further maintains that as the corporation is a New York entity and not a party to the instant action this court cannot grant the relief plaintiff seeks.
Discovery is limited in matrimonial actions except for "good cause shown." R. 4:79-5. The reasons for the limits are well stated by defendant: to avoid harassment and confrontation of the parties and further aggravation of their hostilities toward each other. See comment to R. 4:79-5. The term "good cause shown" is flexible and each case for discovery must show its own good cause. Tholander v. Tholander, 34 N.J. Super. 150 (Ch. Div. 1955). However, the recent trend in general civil cases to broad and liberal discovery, Myers v. St. Francis Hospital, 91 N.J. Super. 377 (App. Div. 1966); Gureghian v. Hackensack Hospital, 109 N.J. Super. 143 (Law Div. 1970), should, where good cause is shown, be extended to the matrimonial area. For how else in a complex financial estate could the first two of the three requirements for equitable distribution found in Rothman v. Rothman, 65 N.J. 219, 232 (1974), be determined by a trial court without first establishing the value of the assets subject to equitable distribution? Indeed, it is apparently well settled now that a trial judge enters upon a three-step inquiry in a matrimonial proceeding where equitable distribution is in issue. The steps are (1) determination of the specific property subject to equitable distribution; (2) determination of value, and (3) determination of the allocation equitably among the parties. Rothman v. Rothman, supra. To determine valuation of the stock and its income-producing qualities requires sophisticated discovery by an accountant. This means more than a review by counsel of the furnished corporate tax returns and the naked answers to interrogatories or depositions. Of necessity it requires an examination and evaluation of corporate assets, good will, *198 capital accounts, cash flow, tax-sheltered income, travel and entertainment expenses, tax status of the corporation, etc. This court finds that where such a complex estate exists there is good cause shown for additional discovery to establish valuation and the income producing quality of a party's stock.
Another issue in this motion is the authority of this court to order discovery of the books and records of a corporation, 50% owned and operated by defendant husband, when the other 50% stockholder objects to the examination.
Defendant states in his memorandum that the corporation is a New York corporation and the books and records are in New York. It is made clear that the other 50% owner of the corporation's stock objects to the plaintiff accountant examining the books and records of this closely held corporation. Yet, in defendant's answers to interrogatories, which interrogatories were attached to plaintiff's moving papers, a New Jersey address is given for the corporation, and the books and records of the corporation are located with a corporate accountant in Fair Lawn, New Jersey.
Shall discovery here be blocked by the fact that the corporation is an out-of-state entity and not a party to the suit? As counsel has pointed out, there is little case law in New Jersey bearing directly on this point. In a suit by a broker to recover commissions, Gross v. Kennedy, 15 N.J. Super. 118 (Law Div. 1951), the court held:
Where, as in this case, the books in question are not those of a party but of corporations not a party to the suit, it would seem that three elements should be considered by the court in determining as a matter of discretion whether the defendant should be subjected to the order here sought: (a) whether good cause has been shown for the examination, (b) whether one not a party to the suit may be unduly affected by revelation of its private affairs; and (c) whether the books and records are within the possession, custody or control of the other party. The general rule with regard to inspection of documents is that inspection orders should issue upon a showing that the desired inspection of the document or other property is relevant to the subject matter of the pending action and will aid the moving party in the preparation of his case, or otherwise facilitate proof or progress at the trial, or that a denial would prejudice the moving party.
*199 See also, Lakewood Trust Co. v. Fidelity and Deposit Co., 81 N.J. Super. 329, 339 (Law Div. 1963).
Defendant contends that the books and records of the corporation are not within his custody and control  that they are in fact in the possession of the corporation's New York counsel. Nowhere does defendant's attorney contend that the husband could not, as 50% shareholder and director, demand inspection of the records sought or order them opened to wife's accountant. In addition, he contends that the books and records sought are cloaked in a Fifth Amendment privilege since both shareholders and the corporation itself are presently under investigation by the Internal Revenue Service. Defendant's assertion that any investigation "could" cause harm is clearly not persuasive. "Counsel's naked assertion of a potential for a criminal prosecution * * * without more, is insufficient to salvage the privilege. Such a danger must be real and appreciable." Indeed the Fifth amendment is not applicable to ordinary civil proceedings. State v. Roma, 143 N.J. Super. 504 (Law Div. 1976). Counsel's argument that the court is without jurisdiction or power to make an effective order is also without merit. The husband here could be ordered to exercise his powers as a shareholder and director to obtain the information sought. Furthermore, since the corporation in question is authorized to do business in New Jersey it has submitted itself to this jurisdiction pursuant to N.J.S.A. 14A:13-2(2).
Cases from other jurisdictions also militate in favor of discovery in such situations. In Lytton v. Lytton, 289 So.2d 17 (Fla. App. 1974), the Florida Court of Appeals held that the wife was entitled to discovery of the books and records of an out-of-state corporation not party to the suit on the basis that it was a closely held corporation and the husband had control of the records sought. The court emphasized that the question of alimony and special equity, among others, could not fairly be decided without complete knowledge of the husband's assets. Although in our case *200 the husband is a 50% shareholder, this court holds that his interest in the corporation is sufficient to dictate a similar result. Belichick v. Belichick, 37 Ohio App.2d 95, 307 N.E.2d, 270 (Ct. App. 1973), can similarly be cited, in that case the court allowed a dentist's wife leave to inspect the financial aspects of the husband's wholly owned dental practice. The assets of a law partnership were the target of the wife's motion for discovery In re Lopez, 38 Cal. App.3d 93, 113 Cal. Rptr. 58, 59 (D. Ct. App. 1974); there the court held that the "wife had the right to depose the husband and his law partners concerning the value of all assets of the law practice * * *" (Emphasis supplied). The partners in Lopez were not parties to the action. Lopez is similar to Stern v. Stern, 66 N.J. 340 (1975). There a law partnership was also an asset of defendant husband's, but it appears that no objection was made by the partners. Discovery was allowed.
In the instant case the wife has shown good cause, under R. 4:79-5, why discovery should be compelled of the corporate books and records. A substantial portion of the husband's assets consists of his 50% ownership interest in Gerson-Ogden, Inc. Under the principle set down in Scherzer v. Scherzer, 136 N.J. Super. 397 (App. Div. 1975), at least a portion of that stock interest will be subject to equitable distribution under N.J.S.A. 2A:34-23. Once an asset falls within the bounds of the statute the court must of necessity be able to appraise the value of such an asset in order to make a fair allocation between the parties. In the case of a closely held corporation the only feasible method for valuing the husband's ownership interest lies in an examination of the corporation's entire financial structure and condition. If such an examination threatens the legitimate interests of other shareholders or the corporate entity itself, an appropriate protective order limiting disclosure of such information may be sought.
In Scherzer, supra, the court stated (at 400) that "So far as the equitable distribution principle is concerned there *201 should be no essential difference between a situation in which the husband has an interest in an individual business and one held in a corporate name. The form should not "control." This should be true as well in situations such as the instant case where the husband's ownership interest amounts to less than 66 2/3%. To hold otherwise would enable a husband to conceal substantial assets merely by taking minority shareholder portions in a number of small, closely held corporations. The corporate form should not be used as a shield behind which parties can conceal assets from the intent of our equitable distribution statutes. The form of ownership a husband chooses for his business ventures should not deprive the wife of the discovery to which she would otherwise be entitled.
An order will be allowed requiring defendant to provide all of the financial books and records of Gerson-Ogden, Inc. so that they may be examined within 30 days by plaintiff's accountant at a time and place mutually convenient to plaintiff's accountant and the corporate accountant or comptroller.