185 N.J. Super. 529 (1982)
449 A.2d 1337
AMANDA S. MERNS, PLAINTIFF,
v.
ROBERT G. MERNS, DEFENDANT.
Superior Court of New Jersey, Chancery Division Bergen County.
Decided June 22, 1982.
*530 Donald R. Sorkow for plaintiff (Sorkow, Eichen & Lyons, attorneys).
Peter R. Bray for defendant (Cole, Geaney, Yamner & Byrne, attorneys).
KRAFTE, J.J.D.R.C. (temporarily assigned).
The issue before this court is whether to enlarge the discovery parameters established in Gerson v. Gerson, 148 N.J. Super. 194 (Ch.Div. 1977), to include discovery and examination of the books and records of a family-held corporation to determine the value of a minority, nonvoting family shareholder's interest.
Plaintiff wife filed a pendente lite motion seeking, among other things, inspection of the corporate books and records and books of account of certain family-owned corporations which employ defendant husband and of which he is a minority shareholder.
As gleaned from the pleadings filed for this motion, the court finds the following factual pattern: Husband and wife were married in March 1979. Wife is not now employed but is *531 pursuing a Bachelor's Degree. Husband is employed by two corporations which he acknowledges are owned by his immediate family and of which he claims his father is the controlling stockholder. Husband as a minority shareholder is the owner of one-sixth of the outstanding common stock of each of said corporations. The remainder of the common stock is owned by husband's brothers and sister. Husband states that this common stock has no voting privileges and earns no dividends. In addition to this common stock, both corporations have issued preferred, voting stock establishing complete control of the affairs and management of the corporations in the holder of the preferred stock. Husband asserts he owns none of this preferred stock. Finally, husband states that he paid a total of $350 for his common stock, all of which he purchased in 1980.
According to the certification of the attorney for the corporations, the preferred stock of the corporation is held by husband's father and sister, with the father as executive officer, vested with management and control of both corporations.
The benefits of husband's employment allow him to participate in profit-sharing and pensions plans, although he states that he does not presently receive income or benefits from them. Husband also has full medical coverage through his employer and acknowledges that his employer provides him with an automobile and gasoline. He denies wife's assertion that he has the privilege of an expense account.
Gerson is the lone case published in New Jersey affording guidance on the subject of close-corporation discovery in matrimonial actions. The Gerson court found "good cause shown" under R. 4:79-5 where husband was a 50% shareholder and director of a corporation, his brother owning the other 50%[1]. *532 The court authorized discovery by wife's accountant of the financial books and records of that corporation.
More crucial than the bottom-line ruling however, is the thrust of what Gerson stands for. After addressing itself to the need for broad and liberal discovery in matrimonial actions,[2]Id. at 197, Gerson declares that "In the case of a closely held corporation the only feasible method of valuing the husband's ownership interest lies in an examination of the corporation's entire financial structure and interest." Id. at 200. Clearly, the rule of Gerson should not be limited to those situations only where the party is a 50% shareholder in a family-owned corporation. Manipulation would be too tempting.
The responsibilities of New Jersey courts to equitably distribute marital property, as delineated in Rothman v. Rothman, 65 N.J. 219, 232-233 (1974), are in reality no less where a party owns under 50% of a family-owned corporation's stock. Where could a realistic line be drawn? 45%? 33%? 25%? Each case must, obviously, stand on its own facts. Assets must still be valued. The characteristics of family-owned corporations make such a valuation all the more difficult, especially where the court is called upon to establish the value of a minority interest.
The argument that discovery into the finances of closely held corporations violates privacy interests is satisfactorily dealt with by means of a protective order. Gerson (at 200) recognized the possible need for such protection, the court stating that "If such an examination threatens the legitimate interests of other shareholders or the corporate entity itself, an appropriate protective order limiting disclosure of such information may be sought."
*533 The Gerson court goes on to declare that "`good cause ...' is flexible and each case for discovery must show its own good cause." Id. at 197. This court finds that plaintiff has shown "good cause" pursuant to R. 4:79-5, entitling her to discovery of husband's factual and financial interests in the forementioned corporations. To deny this discovery would conceivably allow husband to conceal the true value of what might well be a substantial asset. "The corporate form should not be used as a shield behind which the parties can conceal assets from the intent of our equitable distribution statutes." Gerson, supra at 201.
Under Rothman, supra at 232-233, the wife has satisfied the first of the three-step proceeding, i.e., identification of the marital asset, that being husband's minority interest in two close corporations. Unless this court permits an incursion into corporate finances, the second criteria, i.e., evaluation, will never be accomplished. Even though defendant's interest is a minority interest, and must therefor be discounted to so reflect, it nevertheless must be evaluated. If full discovery is not allowed, this asset will remain unevaluated. This cannot be permitted.
Therefore, this court will appoint an independent accountant to examine the books and records of the two corporations.
This court will also permit oral depositions of such officers, directors and stockholders as plaintiff may deem necessary to aid in establishing the nature and extent of defendant's factual, legal and monetary interests in said entities.
Plaintiff, her agents and attorneys, the court-appointed accountant and his employees, and any certified shorthand reporter taking depositions are all enjoined and restrained from disclosing any information whatsoever to anyone except each other and the court regarding the two corporations. The depositions shall be sealed and marked "To be opened by Judge only." The accountant's report(s) shall be furnished to both attorneys and the court, with the same restrictions endorsed thereon.
NOTES
[1] As to nonparty entities, R. 4:79-5 provides that "All other discovery in matrimonial actions shall be permitted only by leave of court for good cause shown."
[2] As will be seen, this court whole-heartedly endorses Gerson's call for broad and liberal discovery in matrimonial actions, provided good cause is shown. This is especially so when courts are increasingly called upon to address the worth of a multitude of diverse corporate holdings which are "property" under our equitable distribution statute, N.J.S.A. 2A:34-23.