In the Matter of the Petition of **B & F TOWING AND SALVAGE COMPANY, INC., B & F Racing Team, Inc., and Diamond State Wrecker Service, Inc., For a Writ of Prohibition.**

No. 244.

Supreme Court of Delaware.

Submitted: Sept. 7, 1988.
Decided: Oct. 21, 1988.
As Corrected on Denial of Rehearing Dec. 13, 1989.

Raymond M. Radulski, Wilmington, for complainants. ·

Michael J. Goodrick, of Theisen, Lank, Mulford & Goldberg, P.A., Wilmington, for respondent Robert D. Fenimore.

Francine R. Solomon (argued) and Jean A. Crompton, Wilmington, for respondent Mary R. Fenimore.

Before CHRISTIE, C.J., and WALSH, and HOLLAND, JJ.

CHRISTIE, Chief Justice:

B & F Towing and Salvage Company, Inc., B & F Racing Team, Inc., and Diamond State Wrecker Service, Inc., ("Complainants"), three closely held Delaware corporations, brought this action seeking a writ of prohibition to prevent discovery of their books and records by Mrs. Mary L. Fenimore. Mrs. Fenimore has obtained an order from the Family Court requiring the corporations to comply with her discovery demands. Complainants allege that the Family Court does not have jurisdiction to order discovery of their books and records since they are not parties to the litigation before the Family Court. Alternatively, complainants assert that even if Family Court has the authority to order discovery of their corporate records, the scope of the proposed discovery is so broad that it exceeds the jurisdiction of the Family Court. We rule that Family Court has authority to order the non-party corporations to comply with reasonable discovery demands and that matters which might be the subject of a protective order are not properly brought before this Court by writ of prohibition, except under extraordinary circumstances not here present.

## I.

Mary R. Fenimore ("Wife") and Robert D. Fenimore ("Husband") are parties to a divorce proceeding in the Family Court. In connection with the divorce, the Wife petitioned for a distribution of the marital assets pursuant to the provisions of 13 *Del.C.* §§ 1507 and 1513.

In order to place a value on the assets of the marital estate in connection with an equitable division thereof, the Wife sought to determine the value of the Husband's one-third equity interest in B & F Towing and Salvage Company, Inc. ("B & F"), a Delaware corporation which is closely held by the Husband and his two brothers. Neither B & F nor the Husband's brothers are parties to the Family Court proceeding.

Initially, the Husband, an officer and director of the complainants, appeared to be unable to respond fully to all of the demands for B & F's financial records. Thereupon the Family Court entered an order requiring the Husband to respond to discovery and to take the necessary steps to obtain the information demanded by the Wife. Despite the Family Court discovery order, some of the Wife's discovery requests remained unanswered. The Wife also noticed a deposition of the Husband and obtained a subpoena *duces tecum.*

In the course of the Husband's deposition, Wife's counsel learned for the first time that Diamond State Wrecking Service, Inc., another closely held Delaware corporation was owned by Husband and his brothers. The Wife then moved to postpone trial in Family Court while she sought additional discovery from the corporations. Several weeks later, Husband's counsel revealed the existence of a third corporation, B & F Racing Team, Inc., similarly held by Husband and his brothers.

On May 24, 1988, Family Court issued a letter decision and order directing that the complainant corporations require their personnel to submit to depositions, comply with subpoenas *duces tecum,* and supply other responses to the Wife's discovery demands. The Family Court found that the documents sought were necessary in order to determine the value of the corporations and that the Wife's discovery demands were reasonable.

## II.

Complainants argue that the Family Court has no jurisdiction to compel discovery of a non-party corporation's books. They also assert that the Court of Chancery alone is vested with the authority to determine whether access to corporate documents should be permitted.

"The Family Court's divorce jurisdiction was granted it to provide litigants with a forum in which emotionally charged issues could be resolved under the least disruptive and most efficacious conditions." *Bruce E.M. v. Dorothea A.M.*, Del.Supr., 455 A.2d 866, 873 n. 10 (1983). Although the Delaware Family Court has limited subject matter jurisdiction, it does have the necessary authority to fully resolve those matters which are properly before it. The grant of general jurisdiction to the Family Court, 10 *Del.C.* § 925, expressly authorizes it to "[h]ear, determine, render, and enforce judgment in any proceeding before the Court." 10 *Del.C.* § 925(9).

The provisions of 13 *Del.C.* § 1513,[1] expressly subject all marital property to equitable distribution regardless of how title to the assets is held. In order to carry out the legislative intent that there be a full and final settlement of marital and financial ties, the Family Court was given broad authority to "finally and equitably untangle and apportion a complex of marital property." *M v. M,* Del.Supr., 321 A.2d 115, 119 (1974).

The Family Court has rules of procedure which "shall be construed to secure the just, speedy and inexpensive determination of every proceeding." Fam.Ct.Civ.R. 1(a). Under the provisions of these rules, a party seeking discovery must file a formal motion, specifically identifying the party's reason for needing formal discovery. Fam.Ct. Civ.R. 26(b). In the absence of such a motion, no formal discovery may be conducted.[2] This procedure appears to stem from a desire to encourage prompt voluntary exchange of information and documents without the formality of court intervention. Fam.Ct.Civ.R. 26(a).[3]

However, when a formal discovery motion has been granted, the parties may obtain discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Fam.Ct.Civ.R. 26(g)(1). This provision is similar in scope to that found in the rules of other courts of this State. *See generally* Ch. Ct.R. 26; Super.Ct.Civ.R. 26; Com. P.Ct.Civ.R. 26. Although no request is required in other courts before parties may engage in formal discovery, there is no indication that the scope of allowable discovery in a Family Court action, once granted, is different from that of other Delaware courts. Under 13 *Del.C.* § 1522(a)[4] persons within the ambit of

1. 13 *Del.C.* § 1513 provides in part:
   (a) In a proceeding for divorce or annulment, the Court shall, upon request of either party, equitably divide, distribute and assign the marital property between the parties without regard to marital misconduct, in such proportions as the Court deems just after considering all relevant factors....
   (c) All property acquired by either party subsequent to the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in paragraphs (1) through (3) of subsection (b) of this section.

2. Fam.Ct.Civ.R. 26(a) states that "... no formal discovery shall be conducted without Court order following a motion therefor."

3. Moreover, the Delaware Divorce and Annulment Act, 13 *Del.C.* § 1501, *et seq.*, was enacted to achieve underlying purposes, namely:
   (1) To promote the amicable settlement of disputes that have arisen between parties to a marriage;
   (2) To mitigate the potential harm to spouses and their children caused by the process of legal dissolution of marriage;
   (3) To make the law of divorce more effective for dealing with the realities of matrimonial experience by making irretrievable breakdown of the marriage relationship the sole basis for divorce;
   (4) To permit dissolution of a marriage where the marriage is irretrievably broken despite the objections of an unwilling spouse;
   (5) To award alimony under this chapter to a dependant party but only during the continuance of such dependency;
   (6) To award alimony in appropriate cases so as to encourage parties to become self-supporting;
   13 *Del.C.* § 1502.

4. 13 *Del.C.* § 1522(a) states:
   (a) All parties to any of the proceedings brought pursuant to this chapter shall possess all the procedural rights which those parties would have heretofore possessed in any of the proceedings brought pursuant to this chapter in the Superior Court of this State including but not limited to the following:
   (1) Right to institute and return complete control of the suit;

Family Court jurisdiction "must be accorded the same procedural rights as they would have in the Superior Court." *See Eberly v. Eberly,* Del.Supr., 489 A.2d 433, 445 (1985).

■ The Superior Court may compel third persons to respond to discovery demands. The Family Court has corresponding authority. The Family Court Civil Rules contemplate such a situation. *See e.g.* Fam.Ct.Civ.R. 30(a) (permitting "any party [to] take the deposition of any person" when discovery has been authorized by the Court); Fam.Ct.Civ.R. 34(c) (allowing, expressly, motions for production of documents and things against non-parties); Fam.Ct.Civ.R. 45 (allowing the grant of a subpoena commanding the person to whom it is directed to produce "books, papers, documents or tangible things which constitute or contain matters within the scope of the examination permitted by Rule 26(g).")

■ After Family Court has granted a discovery motion, the parties may obtain discovery by:

[d]eposition upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admissions. Unless the Court orders otherwise under subdivisions (d) and (h) of this Rule, the frequency of use of these methods is not limited.

Fam.Ct.Civ.R. 26(f).[5] Complainants have not asserted that the requested documents are privileged in any way; in fact, they admit that their corporate books and records are not privileged. It is clear that complainants' records may be the proper subject of discovery.

A similar result has been reached in other jurisdictions which have faced this issue.

For example, in *Gerson v. Gerson,* 148 N.J.Super. 194, 372 A.2d 374 (1977), the Superior Court of New Jersey, Chancery Division, recognized that certain characteristics of family-owned or closely-held corporations make valuation of a stockholder's interest difficult. Therefore, in order to fairly allocate the assets of a marital estate subject to equitable distribution, the court authorized an examination of the financial structure and condition of the corporation. The examination was, however, to be subject to limitations by way of protective order should the discovery "threaten the legitimate interests of the other shareholders or the corporate entity itself." *Id.* at 377.

Factors considered by courts of other jurisdictions when deciding whether and to what extent to authorize discovery include: 1) the extent of the spouse's interest in the corporation; 2) the nature of information requested; 3) whether the information could be obtained from other sources; and 4) whether the corporation is domiciled in the state. Annotation, *Spouse's Right to Discovery of Closely Held Corporation's Records During Divorce Proceedings,* 38 A.L.R. 4th 145, 148 (1985). See also *Merns v. Merns,* 185 N.J.Super. 529, 449 A.2d 1337 (1982) (permitting discovery to value a minority interest in a corporation); *Elkins v. Elkins,* Fla., 228 So.2d 105 (1969) (allowing discovery of financial records of a wholly-owned corporation).

We conclude that the discovery requested by the Wife is authorized by statute and rule. Complainants' allegation that Family Court did not have jurisdiction to order discovery from third party corporations is without merit.

■ Complainants' contention that Family Court indicated it was without authority to order discovery of a corporation's books and records because it first ordered the

---

(2) Right to select counsel;

(3) Right to appeal to the Supreme Court of this State on the record from interlocutory or final orders for judgment; such appeal shall be in the form and manner provided by the rules of the Supreme Court.

**5.** The scope of discovery, once authorized by the Family Court, is not unlimited. Under Fam.Ct.

Civ.R. 26(d) the Court "may prescribe the manner, time, conditions and any restrictions" for discovery. In addition Rule 26(g) authorizes the Court to enter a protective order "upon motion by a party or the person from whom discovery is sought."

Husband to supply them is without merit. The stated purpose for the informal discovery procedure in the Family Court is to encourage "prompt and voluntary exchange of information by parties before trial." Fam.Ct.Civ.R. 26(a). A judge who first seeks to solve a discovery problem through a direct order to a party before the court is acting in accord with this precept. She did not thereby foreclose other avenues of discovery.

### III.

■ Complainants argue, alternatively, that the Court of Chancery alone has the authority to order production of a corporation's books and records. This argument is not supported by either the text of 8 *Del.C.*

§ 220 [6] or the cases construing it. Complainants' interpretation of 8 *Del.C.* § 220 would result in the Court of Chancery acting as an ancillary branch of other courts in this State when the books or records of a non-party corporation might properly be subject to discovery. Such a result is impractical and illogical.

Nowhere in 8 *Del.C.* § 220 is discovery of a corporation's books and records by persons outside the corporation prohibited. Section 220 has never been read as such a shield; it merely provides an avenue for stockholders to pursue their right to inspect the stock ledger and other books and records of a corporation.

■ Likewise, there is no support for complainants' assertion that § 220 is the

**6.** 8 *Del.C.* § 220. *Inspection of books and records.*

(a) As used in this section, "stockholder" means a stockholder of record.

(b) Any stockholder, in person or by attorney or other agent, shall, upon written demand under oath stating the purpose thereof, have the right during the usual hours for business to inspect for any proper purpose the corporation's stock ledger, a list of its stockholders, and its other books and records, and to make copies or extracts therefrom. A proper purpose shall mean a purpose reasonably related to such person's interest as a stockholder. In every instance where an attorney or other agent shall be the person who seeks the right to inspection, the demand under oath shall be accompanied by a power of attorney or such other writing which authorizes the attorney or other agent to so act on behalf of the stockholder. The demand under oath shall be directed to the corporation at its registered office in this State or at its principal place of business.

(c) If the corporation, or an officer or agent thereof, refuses to permit an inspection sought by a stockholder or attorney or other agent acting for the stockholder pursuant to subsection (b) of this section or does not reply to the demand within 5 business days after the demand has been made, the stockholder may apply to the Court of Chancery for an order to compel such inspection. The Court of Chancery is hereby vested with exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought. The Court may summarily order the corporation to permit the stockholder to inspect the corporation's stock ledger, an existing list of stockholders, and its other books and records, and to make copies or extracts therefrom; or the Court may order the corporation to furnish to the stockholder a list of its stockholders as of a specific date on condition that the stockholder

first pay to the corporation the reasonable cost of obtaining and furnishing such list and on such other conditions as the Court deems appropriate. Where the stockholder seeks to inspect the corporation's books and records, other than its stock ledger or list of stockholders, he shall first establish (1) that he has complied with this section respecting the form and manner of making demand for inspection of such documents; and (2) that the inspection he seeks is for a proper purpose. Where the stockholder seeks to inspect the corporation's stock ledger or list of stockholders and he has complied with this section respecting the form and manner of making demand for inspection of such documents, the burden of proof shall be upon the corporation to establish that the inspection he seeks is for an improper purpose. The Court may, in its discretion, prescribe any limitations or conditions with reference to the inspection, or award such other or further relief as the Court may deem just and proper. The Court may order books, documents and records, pertinent extracts therefrom, or duly authenticated copies thereof, to be brought within this State and kept in this State upon such terms and conditions as the order may prescribe.

(d) Any director shall have the right to examine the corporation's stock ledger, a list of its stockholders and its other books and records for a purpose reasonably related to his position as a director. The Court of Chancery is hereby vested with the exclusive jurisdiction to determine whether a director is entitled to the inspection sought. The Court may summarily order the corporation to permit the director to inspect any and all books and records, the stock ledger and the stock list and to make copies or extracts therefrom. The Court may, in its discretion, prescribe any limitations or conditions with reference to the inspection, or award such other and further relief as the Court may deem just and proper.

sole procedure for inspection of corporate books and records. Section 220 is not a bar to discovery in actions brought by third parties. Actions involving corporations other than those brought by stockholders regularly occur. There is no rule that discovery may not be had in those cases unless there has been compliance with the provisions of § 220.

■ The rule in Delaware regarding a stockholder's right to financial information in order to value his interest is clear: When inspection is sought to value one's stock, "the extent of that inspection is limited to those records which are 'essential and sufficient' to accomplish the stated purpose." *Tactron, Inc. v. KDI Corporation,* Del. Ch., C.A. No. 7884, Berger, V.C. (January 10, 1985) at 3. However, where a stockholder has been given all the corporate information that he is reasonably and fairly entitled to receive, his right has been satisfied and no continuing disclosure is required on the part of the corporation. *State ex rel. Miller v. Loft, Inc.,* Del.Super., 156 A. 170, 172 (1931).

■ In a case such as this where discovery of corporate books and records is sought for the sole purpose of determining the value of shares of stock in the corporation, a litigant does not have access to all of the corporation's documents. A litigant's discovery is limited to those records needed to perform the task, hence he may have access only to those documents which are necessary and essential to the valuation process. See *Helmsman Management Services, Inc. v. A & S Consultants, Inc.,* Del. Ch., 525 A.2d 160 (1987).

■ The amount of information which will be reasonable and necessary to value shares of stock will be determined by facts about the corporation itself. A stock holding in a large publicly traded corporation may not require any disclosure of books and records as the litigants may use the market price as a gauge of value. When there is no external source of information as in small, family-owned or closely-held corporations, much of the information needed to determine value of a stock holding must come from the corporation.

■ As with stockholders, a litigant seeking discovery of a non-party corporation's records may be called upon to bear the burden of establishing a "sufficient need" for the requested information in order to justify the intrusion into the affairs of a non-party. In this way, a court may protect a corporation from burdensome or harassing interference, and the rulings governing shareholders' discovery rights will be useful in defining the discovery rights of others.[7]

IV.

■ The purpose of a writ of prohibition is to keep a particular court within the limits of its jurisdiction. Its function is to maintain the administration of justice in orderly channels. *Canaday v. Superior Court,* Del.Supr., 116 A.2d 678, 681 (1955). Such a writ is directed to a court, not to individuals, and it is only considered upon presentation of jurisdictional issues. *In Re Petition of Hovey,* Del.Supr., 545 A.2d 626 (1988) (quoting *Abrahams v. Superior Court,* Del.Supr., 131 A.2d 662, 671 (1957)). Hence, a writ of prohibition "prevents the unwarranted assumption of power over persons or matters which are not within the legitimate cognizance of a particular tribunal or it prevents a tribunal from exceeding its jurisdiction in matters over which it admittedly has cognizance." *In Re Petition of Hovey,* Del.Supr., 545 A.2d 626 (1988) (citing *Canaday v. Superior Court, supra* ).

Complainants assert that Family Court's order directing discovery of their books and records is beyond any limited statutory grant of jurisdiction the court may be found to have. In support of this claim, claimants rely on *Eberly v. Eberly,* Del.

7. The Court is "empowered to protect the corporation's legitimate interests and to prevent possible abuse of the *shareholder's* right of inspection by placing such reasonable restrictions and limitations as it deems proper on the exercise of the right." *CM & M Group v. Carroll,* Del.Supr., 453 A.2d 788, 793–94 (1982) (emphasis added). A corresponding right of protection exists in connection with discovery by those who are not shareholders.

Supr., 489 A.2d 433, 446 (1985) where the limited jurisdiction of Family Court was cited as the basis for denying its authority to adjudicate substantive rights of a third party. *See also Joseph B.P. v. Kathleen M.P.*, Del.Supr., 469 A.2d 800, 802 (1983).

However reliance on the *Eberly* decision for guidance on matters of discovery is misplaced. The substantive rights of complainants are not the subject of this litigation, and they are not at issue. The pending action involves the equitable division of marital assets which happens to include corporate stock. Disclosure of financial information concerning the value of the Husband's corporate holdings is an appropriate subject for discovery.

■■■ A writ of prohibition, like writs of mandamus and *certiorari*, is a coercive order of the court "used to grant relief when the traditional appeal route is unavailable or will not provide an adequate remedy at law." *Rogers v. State*, Del. Supr., 457 A.2d 727, 731 (1983). Writs of prohibition are not issuable as of right. *Knight v. Haley*, Del.Super., 176 A. 461, 465 (1934). In addition, a writ of prohibition is not available as a substitute for the ordinary appellate procedure. *Matushefske v. Herlihy*, Del.Supr., 214 A.2d 883, 885 (1965) (quoting *Canaday v. Superior Court, supra*). Hence, this Court will not allow a writ of prohibition to be "distorted into a writ of error for the correction of error, irregularity or mistake in the proceedings in the court below which can be reviewed by ordinary appellate process." *Canaday v. Superior Court*, 116 A.2d at 682.

■■■ When petitioners may obtain protection through other channels a writ of prohibition is inappropriate. Family Court Civil Rule 26, which provides the scope of discovery generally allowed, authorizes a judge to issue a protective order upon motion by a party or a person from whom discovery is sought. Fam.Ct.Civ.R. 26(h).[8]

Therefore, complainants have adequate procedural protection against overly intrusive discovery.

■■■ The complainants' petition for a writ of prohibition in this case is very much like an interlocutory appeal from the Family Court discovery order. As a general rule this Court will not accept an interlocutory appeal from a discovery ruling. The "test of appealability of an interlocutory order is that it must determine a substantial issue and establish a legal right." *Castaldo v. Pittsburgh–Des Moines Steel Co., Inc.*, Del.Supr., 301 A.2d 87 (1973). Supr. Ct.R. 42(b). In the context of this test, substantive interlocutory orders relating to the merits of the case may be found to be appealable under Rule 42, however discovery rulings do not satisfy the standard. *Id.* The Husband would not be allowed to bring this action, as an appeal from an interlocutory discovery order seeking limitations on the scope of discovery. To allow a third party, in which the Husband has a substantial interest, to litigate such issues by petition for writ of prohibition would be to frustrate the policy of this Court in regard to review of discovery orders.

Here the complainants have attempted to question the relevancy and breadth of the Family Court discovery order. However, such questions are not appropriately addressed in a petition for a writ of prohibition.

\* \* \*

We rule that the complainants must comply with the orders of the Family Court in respect to discovery subject always to their right to seek an appropriate protective order in that court. The petition for a writ of prohibition is denied.

---

**8.** Specifically, a protective order may issue "[u]pon motion by a party or by a person from whom discovery is sought" showing good cause as "justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Such an order may limit discovery to specified terms and methods or prohibit discovery entirely. Fam.Ct.Civ.R. 26(h).