**In re the Matter of Barney WOOL and Lauren Wool, Movants,**

v.

**Rachel WOOL**

v.

**Roger Wool, Respondents.**

**File No. CS07–01635.
Petition No. 08–41121.**

Family Court of Delaware, Sussex County.

Submitted: June 26, 2009.
Decided: Aug. 10, 2009.

Felice Glennon Kerr, Esquire, MacElree Harvey, Ltd., Centreville, DE, Attorney for Barney and Rachel Wool.

Thomas E. Gay, Esquire, Law Offices of Stumpf, Vickers, and Sandy, P.A., Georgetown, DE, Attorney for Rachel Wool.

Roger Wool, Pro Se.

## OPINION

HENRIKSEN, J.

Pending before the Court is a Request for Review of a Commissioner's Order filed by Barney Wool[1] and Lauren Wool ("Movants") on June 26, 2009. Rachel Wool ("Wife") filed an Answer to Movants' Request on July 22, 2009, opposing the Request. Roger Wool ("Husband") did not file an Answer. No hearing was held on this matter.

### Facts

Husband and Wife were married on February 15, 2002, separated on March 1, 2008 and were divorced on May 5, 2009. Since Wife filed for divorce on December 15, 2008, the parties have been involved in extensive litigation regarding the issue of

---

1. Pseudonyms have been substituted for the names of the parties pursuant to Supreme Court Rule 7(d).

Husband's sale of his interest in the business that he co-owned with his brother, Barney Wool, during the marriage. Sometime after Wife filed for divorce, Husband sold his half of the business to his brother. In an attempt to discern the value the business and therefore the value of Husband's interest when he sold it, Wife asked Lauren Wool, Husband's sister-in-law and bookkeeper of the business, to provide certain financial documents to Wife. The documents were not given to Wife, so she, through her attorney, served Movants with subpoenas *duces tecum* and Requests for Production of Documents, asking that the Movants produce various documents related to their personal finances as well as the finances of the business. In response to these discovery requests, Movants filed a Motion for a Protective Order asking that the Court quash the Request for Production and issue an Order protecting Movants' personal financial information, in addition to other requests not relevant for purposes of this Order.

On May 27, 2009, the Commissioner issued an Order denying the Motion for a Protective Order and stating, "The circumstances of this sale are suspicious at least in regard to how it relates to the valuation of the marital estate. A true picture of the transaction cannot be derived without full access to these materials. Failure to comply in a timely manner will result in an award of attorney's fees against Barney and Lauren Wool."[2] Movants are appealing this Order, arguing that the Commissioner's Order is not supported by Delaware law. To the best of the Court's knowledge, Movants have yet to provide Wife with any financial documents, whether personal or corporate.

*Legal Standard*

The Delaware Code confers upon this Court appellate jurisdiction over a Commissioner's order. Specifically, the Code provides that,

> Any party, except a party in default of appearance before a Commissioner, may appeal a final order of a Commissioner to a judge of the Court by filing and serving written objections to such order, as provided by rules of the Court, within 30 days from the date of a Commissioner's order. A judge of the Court shall make a de novo determination of those portions of the Commissioner's order to which objection is made. A judge of the Court may accept, reject or modify in whole or in part the order of the Commissioner. The judge may also receive further evidence or recommit the matter to the Commissioner with instruction.[3]

*Conclusion*

■ The Court was initially unsure as to whether Movants had standing to file this Request. The legal standard cited above is clear that any party to an action may appeal a Commissioner's Order, but there is no provision that allows for a non-party to appeal such an Order. However, Wife did not raise this objection in her Answer and, due to the significance of the issues raised in the Request, the Court will consider the merits of the Request.

■ Movants cite two cases in support of their argument that the Court is not authorized by Delaware law to order Movants to surrender documentation of their personal and business finances. In 1988, the Supreme Court of Delaware decided *In the Matter of B & F Towing and Salvage Company, Inc. et al.,* which involved a husband and wife who were en-

---

2. *Wool v. Wool,* CS07–01634, Southmayd, C. (Del.Fam.Ct. May 27, 2009).

3. DEL.CODE ANN. tit. 10, § 915(d)(1) (2008).

gaged in divorce proceedings.[4] During the process of discovery, the wife learned that the husband co-owned two business with his two brothers, of which she was previously unaware. In order to properly value the marital estate, the wife issued subpoenas *duces tecum* to each corporation, requesting that each provide certain financial documents. The corporations objected to the subpoenas, arguing that the Family Court lacked jurisdiction to order discovery from third party corporations. The Supreme Court held, "We conclude that the discovery requested by the Wife is authorized by statute and rule. Complainants' allegation that Family Court did not have jurisdiction to order discovery from third party corporations is without merit."[5] The Court found the fact that these corporations were owned by three brothers to be particularly significant. The Court based its ruling, in part, on a decision issued by the Superior Court of New Jersey, Chancery Division that dealt with the same issue.[6] Regarding *Gerson*, our Supreme Court stated, "[New Jersey] recognized that certain characteristics of family-owned or closely-held corporations make valuation of a stockholder's interest difficult. Therefore, in order to fairly allocate the assets of a marital estate subject to equitable distribution, the court authorized an examination of the financial structure and condition of the corporation."[7] The Supreme Court's decision provides significant support for Wife in the instant case.

The Family Court relied on *In the Matter of B & F Towing* when it subsequently decided *McCarthy v. McCarthy,* holding that a wife was entitled to subpoena the financial records of a corporation in which her husband had an ownership interest that he had sold to his partner after the parties' divorce proceedings had begun.[8] However, the wife had also issued a subpoena *duces tecum* to her husband's former business partner, asking that he produce his personal financial records. The Court granted the partner's Motion to Quash the Subpoena of his personal records as long as the partner would submit to a deposition in his capacity as sole stockholder and principal officer of the company.[9]

*In the Matter of B & F Towing* and *McCarthy* both support Wife's position in this case regarding Husband's former business. She is entitled to any and all corporate documents that are relevant according to the standard set forth in Family Court Civil Rule 26(g).

■ Wife is also entitled to personal financial documents belonging to Barney and Lauren Wool that are relevant according to the standard set forth in Family Court Civil Rule 26(g). Although the McCarthy Court denied a similar request made by the wife in *McCarthy,* the facts of *McCarthy* differ from the facts of the instant case. Here, Husband's former business was a family owned and operated business. Unlike the business in *McCarthy,* the sole owners and officers of Husband's business were he and his brother. As Wife stated in her Answer to Movants' Request, "In [*McCarthy* ], the business in question was not owned by brothers, who

4. *In the Matter of B & F Towing and Salvage Company, Inc., et al.,* 551 A.2d 45 (Del.1988).

5. *Id.* at 49.

6. *Gerson v. Gerson,* 148 N.J.Super. 194, 372 A.2d 374 (1977).

7. *In the Matter of B & F Towing,* 551 A.2d at 49 (citing *Gerson,* 372 A.2d at 377).

8. *McCarthy v. McCarthy,* 1993 WL 265032 (Del.Fam.Ct.).

9. *Id.*

would have that type of nexus to work out a deal on a handshake, whereby the spouse being bought out (Husband), would trust the other owner to provide additional funds outside of the underlying contract, after the divorce proceedings were concluded."[10] Wife argues that, because Husband and his brother were the sole owners and operators of the corporation, it is likely that Husband sold his interest in the business to his brother for a significantly higher amount of money than what is reflected in corporate documents, on the verbal assurance that Husband would receive the remainder of the funds from the sale after the conclusion of the parties' divorce proceedings. The Court finds this argument persuasive, particularly since the Commissioner below has previously com-

mented on the suspicious nature of the sale. Therefore, Barney and Lauren Wool are ordered to comply with Wife's subpoena *duces tecum.*

For the reasons as stated forth herein, Movants' Request for Review of a Commissioner's Order is **denied.** As a result, the Motion to Stay that Movants subsequently filed is moot.

IT IS SO ORDERED this 10th day of August, 2009.

---

**10.** Answer to the Request for Review of a Commissioner's Order, filed by Rachel Wool, paragraph 3, (Del.Fam.Ct. July 22, 2009).