JUAN MANUEL FANTAUZZI y OTROS, peticionarios, *v.* TRIBUNAL SUPERIOR DE AGUADILLA, SALA DEL HON. JUEZ ROBERTO VERAY TORREGROSA, demandado; CENTRAL COLOSO, INC. Y OTROS, interventoras.

*Número:* O-74-391          *Resuelto:* 11 de diciembre de 1974

114

*Juan M. Ponce Fantauzzi*, abogado de los peticionarios; *José A. Rivera Mercado*, abogado de las interventoras.

PER CURIAM: En este caso las codemandadas Central Coloso, Inc., y The Home Insurance Co., aquí interventoras, solicitaron del tribunal de instancia que dictara una orden dirigida a los médicos e instituciones que habían intervenido con la demandante en relación con el accidente alegado en la demanda, y que se nombraban en la solicitud formulada al tribunal, para que suministraran a las interventoras copias de todo récord médico-hospitalario de dicha demandante que estuvieren en poder de los referidos médicos e instituciones. La demandante objetó la solicitud de dichos récords médicos por el fundamento de que los mismos estaban en poder de terceras personas y no de la propia demandante. A esta objeción se allanaron las interventoras, solicitando en su lugar que se paralizaran todos los procedimientos en el caso hasta que la demandante entregara a las interventoras los referidos récords médicos. El tribunal dictó una resolución declarando sin lugar la moción sobre producción de récords médicos dirigida a los terceros en cuyo poder obraban aquéllos, y paralizó los procedimientos en el caso hasta que la demandante entregara a las interventoras copia fiel y exacta de los récords médicos aludidos. Los demandantes recurren de dicha resolución ante nos mediante *certiorari*. Dictamos una orden para que se mostrara causa por la cual no debía expedirse el auto solici-

·tado por los demandantes y luego de expedido éste ordenar se dejara sin efecto la Orden de paralización de procedimientos sin perjuicio de que las interventoras usaran los medios disponibles en ley para conseguir la información médica que interesan.

En este caso aparece que la demandante recibió atención y tratamiento médico como resultado de las lesiones recibidas en el accidente que motiva la reclamación contra las interventoras. Después de radicada la demanda se sometió a un examen médico a requerimiento de las interventoras. A solicitud de la demandante las interventoras le suministraron copia del informe del médico examinador.

La Regla 32.2 de las de Procedimiento Civil dispone, entre otras cosas, que al solicitar y obtener la parte examinada una copia del informe médico que se practicó a instancia de la parte contra quien se reclaman daños, aquélla renuncia a cualquier privilegio que pueda tener en el pleito con relación al testimonio de toda otra persona que le haya examinado o pueda examinarle en el futuro sobre el mismo estado mental o físico. 32 L.P.R.A. Ap. II, R. 32.2 (b). Véase 32 L.P.R.A. sec. 1734 (sobre privilegio de médico y paciente). También dispone la referida regla que si la parte examinada rehusare entregar cualquier informe similar de un examen del mismo estado mental o físico, efectuado anterior o posteriormente, el tribunal mediante moción y notificación, podrá dictar una orden exigiendo que se haga dicha entrega bajo aquellas condiciones que sean justas. Y, si un médico dejare de, o se negare a rendir tal informe, el tribunal podrá excluir su testimonio si éste fuere ofrecido en el juicio. 32 L.P.R.A. Ap. II, R. 32.2 (a).

En el caso de autos no se ha demostrado que los informes médicos relativos a la atención y tratamiento recibidos por la demandante estén en poder de ésta, en cuyo caso las interventoras tendrían derecho a ellos. Por el contrario, surge que los mismos están en poder de terceras personas, o sea, de

los médicos e instituciones que le examinaron y le dieron tratamiento.

En vista de la renuncia expresa de la demandante al privilegio de médico y paciente al haber solicitado y obtenido copia del examen médico a que fuera sometida a requerimiento de las interventoras, conforme lo dispone la Regla 32.2, las interventoras tienen los remedios disponibles mencionados a continuación contra los terceros en cuya posesión, custodia o dominio estén los informes médicos aludidos, sin que sea necesaria la paralización de los procedimientos, mediante la correspondiente solicitud al tribunal de instancia, para que éste ordene que los terceros en cuyo poder obran los informes médicos aludidos comparezcan a una toma de deposición según lo autoriza la Regla 23, bien fuere en forma de examen oral bajo la Regla 27 o de interrogatorios escritos bajo la Regla 28, 32 L.P.R.A. Ap. II, Rs. 23, 27, 28, trayendo consigo cualquier informe médico que estuviere en o bajo su posesión, custodia o dominio para ser inspeccionado, copiado o fotografiado, con relación a los dos tipos de deposiciones mencionados precedentemente. 32 L.P.R.A. Ap. II, R. 31.1.

En mérito de lo expuesto *se expedirá el auto solicitado por las interventoras y se dejará sin efecto la Orden de paralización de procedimientos, quedando libre las interventoras para utilizar los medios de que disponen en ley para obtener la información médica que interesan que obra en poder de terceras personas.*