# 2000 DTA 116

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

MIRTA SANTIAGO RAMOS
Peticionaria-Demandante

v.

RAFAEL ACOSTA CASTRODAD
Recurrido-Demandado

Núm. KLCE-99-01238

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano,
la Juez Feliciano Acevedo y el Juez Aponte Jiménez

Aponte Jiménez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La peticionaria, Mirta Santiago Ramos, nos insta a que revoquemos la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, que le denegó su moción solicitando órdenes dirigidas a corporaciones no partes en el litigio para la producción de ciertos documentos dentro del descubrimiento de prueba que realizaba. Alega que cometió error dicho foro al no permitirle realizar el descubrimiento de prueba solicitado. Examinada la resolución recurrida, conjuntamente con los alegatos de las partes, resolvemos que procede expedir el recurso, revocar la resolución recurrida y devolver el asunto al tribunal *a quo* para que continúe con los procedimientos de forma compatible con lo que aquí expresamos.

Los hechos pertinentes a la controversia surgen del expediente. El 2 de junio de 1999, la peticionaria presentó demanda de divorcio por la causal de trato cruel contra su esposo el demandado-recurrido, Rafael Acosta Castrodad. Solicitó la fijación de una pensión alimentaria ascendente a $10,000 mensuales para los menores habidos en su matrimonio. El recurrido contestó. En relación con la pensión alimentaria solicitada, adujo que la cantidad reclamada era excesiva. Presentó, a su vez, reconvención. Solicitó el divorcio por la misma causal presentada en la demanda, trato cruel e injurias graves. Asimismo, solicitó la liquidación de la sociedad legal de gananciales compuesta por las partes.

Comenzado el descubrimiento de prueba, la peticionaria solicitó del tribunal la expedición de una serie de órdenes para que el recurrido y varias entidades corporativas, al igual que un negocio operado por aquél, sometieran ciertos documentos e información. Las corporaciones concernidas eran Rafael A. Castrodad, Inc., Yorabi Investment Group, Inc. y Rafael Acosta, Inc. La Planta de Agua Tropical World era el negocio no incorporado incluido en la solicitud de órdenes. Ninguna de estas entidades eran parte en el pleito. En el referido escrito, se solicitó del tribunal que ordenase a los requeridos la presentación de los siguientes documentos e información:

*"a. una lista de cuentas bancarias, incluyendo el nombre, número y la sucursal del Banco en la que se mantienen las mismas.*

*b. una lista de los préstamos, incluyendo el nombre, número, la sucursal del Banco, el balance y las cantidades que se pagan de éstos.*

*c. una lista de todas las propiedades, incluyendo el valor estimado de cada una de ellas.*

*d. todos los estados financieros y de situación que en nombre de dichas entidades o personas se hayan preparado en los últimos diez (10) años.*

*e. una relación de todos los ingresos que reciben mensualmente, con especificación del concepto por el cual se recibe cada uno de estos ingresos.*

*f. los estados bancarios de los últimos diez (10) años.*

*g. las planillas de contribución sobre ingresos para los últimos (10) diez años.*

*h. las cintas de todas las cajas registradoras de cada una de las entidades o personas para los últimos (10) diez años.*

*i. nombres, direcciones y teléfonos de cada uno de los accionistas, directores, oficiales y dueños de cada una de las entidades.*

*j. todas las facturas de suplidores de mercancía, equipos y materiales para los últimos diez (10) años.*

*k. una lista de todas las deudas que posean, incluyendo los nombres direcciones y teléfonos de cada uno de los acreedores. También incluye la cantidad o cantidades que se pagan de dichas deudas y balance de cada una de ellas.*

*l. las hojas de cuadre de todas las cajas registradoras de cada una de dichas entidades o personas para los últimos diez (10) años.*

*m. las facturas y recibos de cada una de dichas entidades o personas para los últimos diez (10) años.*

*n. una relación de todos los pagos realizados por estas entidades o personas, sus accionistas, directores, oficiales y dueños durante los últimos diez (10) años.*

*o. una lista de cada uno de sus clientes, incluyendo nombres, direcciones y teléfonos de ellos."*

Del propio requerimiento notificado, se desprende que de los quince (15) acápites que el mismo incluye, solamente los designados *"d", "h", "l", "m"* y *"n"* van dirigidos a obtener documentos e información de las corporaciones aludidas.

El recurrido se opuso. Sostuvo que la parte demandante, aquí peticionaria, no podía descubrir la prueba solicitada contra las corporaciones por éstas ser personas jurídicas separadas e independientes de sus accionistas y, además, porque se trataba de información de naturaleza privada requerida a un tercero que no es el demandado. Alegó, además, que la solicitud de prueba tan remota como diez (10) años antes, es opresiva y con el único propósito de perturbar y ocasionar gastos y molestias indebidas al recurrido.

El Tribunal de Primera Instancia sostuvo la oposición. Sin exponer fundamento alguno, emitió resolución a esos fines. Le ordenó al recurrido, sin embargo, que informara el valor de la participación e interés de las acciones que tuviera en las referidas corporaciones. También le requirió que informara los dividendos de su participación en ellas declarados en el último año o la última vez en que los mismos se pagaron.

La peticionaria solicitó reconsideración. Planteó que no existía legislación o jurisprudencia que impidiera descubrir prueba contra terceras personas en un pleito. Argumentó que como la cónyuge del recurrido era copropietaria de dichas corporaciones, se eliminaba el argumento levantado. Alegó que el no permitir obtener la prueba solicitada para verificar y refutar el valor de la participación de éste en las corporaciones, era una violación al debido proceso de ley.

En cumplimiento con lo ordenado, el recurrido compareció. Desglosó las participaciones y deudas de la sociedad legal de gananciales. Sometió un estimado del valor de las corporaciones y sus respectivas deudas. Informó que ninguna había rendido dividendos. Respecto a la corporación Rafael Acosta, Inc., alegó no tener interés en la misma por pertenecer ésta a su padre. A tenor de su comparecencia en cumplimiento de la orden emitida, presumimos que él y la peticionaria son los únicos accionistas de las corporaciones en cuestión.

No conforme con lo presentado por el recurrido y cumplido el término para que el tribunal se expresara sobre la moción de reconsideración sin que hubiese actuado, la peticionaria presentó el recurso de *certiorari* que ocupa nuestra atención. Imputa al foro de instancia que incidió al no permitir el descubrimiento objetado.

El recurrido se opone. Levanta ante nos, entre otros, que se trata de un caso de divorcio y que por ello resulta improcedente el descubrimiento notificado por no estar envuelta la división de bienes gananciales. No tiene razón en ese primer planteamiento. Entre los remedios solicitados en la demanda por la parte peticionaria está el de que se fije una pensión alimentaria no menor de $10,000 mensuales para los tres hijos habidos en el matrimonio. Resulta evidente que la demandante-peticionaria puede descubrir prueba sobre cualquier fuente de ingreso que tenga el cónyuge demandado a los fines de poder establecer su capacidad dineraria para aportar a las necesidades de los hijos menores habidos en el matrimonio por concepto de alimentos, conforme las disposiciones aplicables.

Resuelto de antemano lo anterior, veamos ahora el resto de los argumentos esbozados por ambas partes. A esos efectos, apreciamos que se nos plantea la validez de órdenes expedidas contra corporaciones que no son partes en el pleito para producir documentos durante la etapa del descubrimiento de prueba en un caso de divorcio. Aunque ello, a juicio nuestro, constituye una situación novedosa que no ha sido objeto de atención en esta jurisdicción, nos percatamos, sin embargo, que la jurisprudencia estatal norteamericana en casos de esta naturaleza es abundante.

De entrada, reconocemos que el derecho al descubrimiento de prueba debe interpretarse de forma amplia y liberal. *Rivera Alejandro v. Algarín,* 112 D.P.R. 830 (1982); *Ades v. Zalman,* 115 D.P.R. 514 (1984). Incluye todos los asuntos que puedan tener alguna relación posible con la controversia objeto del pleito, aunque no esté específicamente relacionada con los asuntos mencionados en las alegaciones. *Rivera Alejandro v. Algarín,* 112 D.P.R. 830 (1982). Permite, inclusive, la entrega de documentos que sería inadmisible en el juicio, si la referida información conduce al descubrimiento de prueba admisible. *General Electric v. Concessionaries Inc.,* 118 D.P.R. 32 (1986); *Sierra v. Tribunal Superior,* 81 D.P.R. 554 (1959).

Ello no significa, sin embargo, que el ámbito del descubrimiento de prueba sea ilimitado. Debe existir una posibilidad razonable de relación con el asunto en controversia para que una materia pueda ser objeto de descubrimiento de prueba. *General Electric v. Concessionaires, Inc., supra; Ortiz Rivera v. E.L.A., National Ins. Co.,* 125 D.P.R. 65 (1989). El descubrimiento de prueba en casos de divorcio debe tener las mismas consideraciones de pertinencia que cualquier otro caso civil.

Los tribunales de las jurisdicciones estatales que han resuelto la controversia aquí planteada, han permitido, en su inmensa mayoría, solicitudes de descubrimiento relacionadas a información financiera de la corporación cuando el cónyuge al que se le solicita posee un interés mayoritario en la misma, o en aquellos casos en que, aunque el cónyuge no posea un interés mayoritario, dicho interés está en disputa. Véase, Annotation, *Spouse's Right to Discovery of Closely Held Corporation's Records During Divorce Proceedings,* 38 A.L.R. 4 th 145 (1985). Cuando la persona sujeta a la orden para descubrir prueba es una corporación íntima donde el cónyuge requerido mantiene acciones, el tribunal debe considerar los intereses de la corporación en cuanto al derecho a la privacidad sobre sus documentos y otros elementos presentes en cualquier otra solicitud de descubrimiento. Annotation, *Spouse's Right, etc., supra.*

En *Quick v. Quick,* 290 SE 2d 653 (1982), por ejemplo, el Tribunal Supremo de Carolina del Norte decidió

que aunque una corporación íntima posea una personalidad jurídica separada, cierta información de los archivos de la corporación pueden ser pertinentes al pleito. Aunque advirtió sobre las precauciones a tomarse para evitar que el descubrimiento se convierta en una *"expedición de pesca"* cuando se solicitan documentos sin ninguna pertinencia con los asuntos en pleito, concluyó que dicho descubrimiento es importante cuando el juez de instancia tiene que determinar el valor de los activos e ingresos de las partes y una parte sustancial de éstos se encuentra en participaciones en corporaciones.

Un tribunal en el estado de Nueva Jersey resolvió en otro caso que un cónyuge tiene el derecho de descubrir información financiera de una corporación íntima en la cual el otro posee más de un cincuenta porciento de las acciones o participación. Al así resolver, rechazó la alegación de que la información no estaba bajo la custodia del cónyuge, pues éste, como accionista o director, está autorizado a obtener estos documentos. *Gerson v. Gerson*, 372 A 2d 374 (1977).

En *Schnabell v. Superior Court,* 854 P. 2d 1117, 21 Cal Rptr. 2d. 200 (1993), el Tribunal Supremo de California expresó que:

*"From these cases and statutes, the general rule can be distilled that when one spouse in a marriage dissolution proceeding seeks discovery from a third party, the court is required to balance the spouse's need for discovery against the privacy interests of the third party. In weighing the need of the spouse, the court should consider all relevant factors, including how the requested information would help resolve the issues that remain between the spouses; any relationship between either spouse and the third party; the information that the other spouse or third party has already provided or agreed to provide; and any specific reasons to distrust the adequacy or reliability of the information already obtained or offered."*

Sobre este mismo tema, en In the matter of B&F Towing and Salvage Company, 551 A. 2d 45 (1989), el Tribunal Supremo de Delaware, en un caso semejante al de autos frente a una ley de corporaciones similar a la nuestra, resolvió que:

*"The substantive rights of complainants are not the subject of this litigation, and they are not at issue. The pending action involves the equitable division of marital assets which happens to include corporate stock. Disclosure of financial information concerning the value of the Husband's corporate holdings is an appropriate subject for discovery."*

Estos principios han sido adoptados por la mayoría de las cortes estatales. Aunque no obligatorios en esta jurisdicción, ciertamente son altamente persuasivos. Al aplicarlos, es importante que el tribunal analice los factores pertinentes para tratar de limitar lo más posible la intromisión en los asuntos del tercero. La naturaleza de la información solicitada y la necesidad de proteger el derecho de privacidad, incluyendo el daño que se pueda causar al divulgar cualquier información de la corporación que no sea pertinente a la acción instada, son también factores relevantes.

A los fines señalados, se deben considerar tres (3) factores esenciales: 1) la necesidad para la parte promovente de obtener la información solicitada, 2) la naturaleza de la información requerida en unión a la necesidad de proteger el derecho de privacidad, incluyendo el daño que se pueda causar al divulgar cualquier información de la corporación que no sea pertinente a la acción instada, y 3) si la información solicitada es de carácter financiero y guarda relevancia con la acción del promovente. También, la relación de la parte promovente con la corporación es un punto a considerar.

Coincidimos con la citada jurisprudencia a los efectos de que el descubrimiento solicitado debe ser permitido sujeto a lo antes expresado. Para ello partimos de la premisa de que, como en el caso de autos, se trata de documentos e información de una corporación en la que al menos el cónyuge promovido en el procedimiento de divorcio tiene interés.

De otra parte, aunque la Ley General de Corporaciones de Puerto Rico de 1995 reconoce la personalidad jurídica independiente de la corporación distinta e independiente de los accionistas que la componen -Artículo 11.04 de la Ley de Corporaciones de 1995, 14 L.P.R.A. sec. 3104; *Liquilux Gas Corp. v. Berríos, Zaragoza*, **95 J.T.S. 92**; *Fleming v. Toa Alta Develop Corp.*, 96 D.P.R. 240 (1968)- en ningún lugar se prohíbe el descubrimiento de documentos e información notificado en este caso.

Resuelto lo anterior, sólo resta disponer sobre el mecanismo que debe ser utilizado. La Regla 31.1 de las de Procedimiento Civil vigente, 32 L.P.R.A. Ap. III. R. 31.1, la cual proviene de la 34 federal, regula lo concerniente a la producción de documentos de las partes en un litigio. Incluye sólo a éstas. El tercero que no sea parte en el pleito no está incluido en el uso de la misma. Su contraparte federal se enmendó en el 1991. Incluyó a terceros dentro del ámbito del descubrimiento contemplado por la misma, utilizando para ello el mecanismo de la Regla 45 (40 nuestra).

Antes de dicha enmienda a la regla federal, se permitía acudir a una acción independiente contra la parte requerida, por disposición expresa de la misma, para obtener la prueba requerida. El historial a nivel federal refleja, sin embargo, que antes del 1991 también se lograba tal descubrimiento sin tener que acudir a la acción independiente a través del mecanismo de la deposición y el *subpoena duces tecum* conforme su Regla 30 y 31, (27 y 28 nuestra) y la 45 (40 nuestra), como otro vehículo para obtener documentos en poder de terceros que no eran parte.

En esta jurisdicción, no adoptamos la parte de la regla federal que originalmente permitía la acción independiente para obtener documentos en poder de terceros. Tampoco hemos adoptado la enmienda del 1991 que tanto sentido apropiado otorga a este método de descubrimiento cuando de terceros no partes se trata. Entre otros, dicha enmienda excluyó lo referente a la acción independiente para, en su lugar, autorizar la citación de un tercero a los fines de que se permita a una parte en el pleito no sólo inspeccionar y fotografiar documentos, *sino también la entrada a una propiedad del tercero o bajo su posesión*, todo ello en interrelación con la Regla 45 (40 nuestra).

Estando el descubrimiento de prueba utilizado por la peticionaria (producción de documentos) limitado a los litigantes por la Regla 31.1, *supra*, resolvemos que para obtener documentos e información de un tercero, corporación íntima que no es litigante en la acción y cuyos accionistas apuntan ser las partes, como en este caso, el mecanismo provisto por las Reglas 27 y 28 nuestras, en vigor, que regula lo concerniente a deposiciones mediante examen oral y preguntas escritas, en interrelación con la 40 (*subpoena duces tecum*), resulta el disponible para ello. Cf., *Fantauzzi v. Tribunal Superior*, 103 D.P.R. 113, 116 (1974).

Ahora bien, como se dijo en *García Negrón v. Tribunal Superior*, 104 D.P.R. 727, 738 (1976), *"Se debe recordar que [l]as partes no pueden rehuir la obligación recíproca de descubrir prueba esencial al juicio alegando que no la tienen en su poder si no es gravoso el obtenerla."* Si efectivamente los únicos accionistas de las corporaciones requeridas en este caso son las partes y siendo el demandado-recurrido quien controla sus actividades al igual que el negocio, no resulta oneroso para éste que obtenga la documentación e información requerida y se la supla a la peticionaria, *particularmente cuando del escrito presentado por ésta se desprende que la orden denegada va también dirigida a él al igual que a las corporaciones y al negocio*. De no poder el recurrido obtener la información, deberá así consignarlo, indicando las razones para no cumplir y las gestiones realizadas para obtenerla dentro de los parámetros que tenga a bien fijar el tribunal. Dependiendo de ello y lo que a esos fines adjudique el foro de instancia, podría entonces la peticionaria acudir al mecanismo de la toma de deposición provisto en las Reglas 27 y 28, *supra*, con un *subpoena duces tecum* (Regla 40.4).

En virtud de las anteriores normas y fundamentos, concluimos que erró el tribunal de instancia al declarar sin lugar la solicitud de órdenes de producción de prueba presentada por la peticionaria en lo que al recurrido se refiere. Consiguientemente, se revoca la resolución emitida y se devuelve el asunto a dicho foro para que permita a la peticionaria el descubrimiento solicitado de forma compatible con lo aquí resuelto. A esos fines de

ordena al recurrido que le provea a ésta la información solicitada.

Nada de lo anterior implica que el recurrido está impedido de levantar otras objeciones y solicitar una orden de protección a tenor de la Regla 23.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23.2, conforme los criterios que allí se contemplan, para que no se lleve a cabo parcialmente el descubrimiento solicitado. En cuanto a aquellas partes del descubrimiento que entienda deba emitirse una orden protectora a su favor, puede invocar el remedio provisto en el aludido precepto procesal civil. Deberá entonces el foro de instancia, expresamente resolver cualquier otra objeción que éste presente o solicitud para que se emita una orden protectora basada en que el descubrimiento notificado excede los criterios de razonabilidad que limitan la filosofía amplia y liberal que protege su uso. Véase, *Héctor Medina Morales y otros v. Merck, Sharp & Dohme,* **94 J.T.S. 52.**

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General